UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11073-MLW

D.F. PRAY, INC.,

    Plaintiff

v.

TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER, and DANA KENNAN,

    Defendants

ANSWER AND COUNTERCLAIM OF DEFENDANTS TOWN OF SUNDERLAND, SARA COOPER AND DANA KENNAN

The defendants, Town of Sunderland, Sara Cooper and Dana Kennan (collectively the "Town"), answer as follows to D.F. Pray, Inc.'s ("Pray") Complaint:

1. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. The Town admits the allegations set forth in paragraph 2 of the Complaint.

3. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. The Town admits the allegations set forth in paragraph 4 of the Complaint.

5. The Town admits the allegations set forth in paragraph 5 of the Complaint.

6. The Town admits the allegations set forth in paragraph 6 of the Complaint.

7. The Town admits the allegations set forth in paragraph 7 of the Complaint.

### COUNT I
(Breach of Contract vs. Sunderland)

8. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 of the Complaint.

9.  The Town denies the allegations set forth in paragraph 9 of the Complaint.

10. The Town denies the allegations set forth in paragraph 10 of the Complaint.

11. The Town admits that Pray made demand on the Town in the amount set forth in paragraph 11 of the Complaint, but denies Pray is entitled to payment in amount demanded.

12. The Town denies the allegations set forth in paragraph 12 of the Complaint.

## COUNT II
### (Quantum Meruit vs. Sunderland)

13. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 of the Complaint.

14. The Town denies the allegations set forth in paragraph 14 of the Complaint.

15. The Town admits that Pray made demand on the Town in the amount set forth in paragraph 15 of the Complaint, but denies Pray is entitled to payment in amount demanded.

16. The Town admits that it has not paid Pray the amount demanded, and further states that Pray is not entitled to payment in the amount demanded.

## COUNT III
### (Misrepresentation vs. Cooper)

17. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 of the Complaint.

18. The Town denies the allegations set forth in paragraph 18 of the Complaint but admits that the Town Accountant certified as to the availability of an appropriation for the project pursuant to G.L. c.44, §31C.

19. The Town denies the allegations as set forth in paragraph 19 of the Complaint.

20. The Town denies the allegations set forth in paragraph 20 of the Complaint but admits that the Town Accountant certified as to the availability of an appropriation for the project pursuant to G.L. c.44, §31C.

21. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. The Town denies the allegations set forth in paragraph 22 of the Complaint.

23. The Town denies the allegations set forth in paragraph 23 of the Complaint.

24. The Town denies the allegations set forth in paragraph 24 of the Complaint.

25. The Town denies the allegations set forth in paragraph 25 of the Complaint.

## COUNT IV
(Negligent Misrepresentation vs. Cooper)

26. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 17 through 25, as if each were set forth fully herein.

27. The Town denies the allegations set forth in paragraph 27 of the Complaint.

28. The Town denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT V
(Misrepresentation vs. Kennan)

29. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 as if each were set forth fully herein.

30. The Town denies the allegations set forth in paragraph 30 of the Complaint but admits that the Town Accountant certified as to the availability of an appropriation for the project pursuant to G.L. c.44, §31C.

31. The Town denies the allegations set forth in paragraph 31 of the Complaint but admits that the Town Accountant certified as to the availability of an appropriation for the project pursuant to G.L. c.44, §31C.

32. The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. The Town denies the allegations set forth in paragraph 33 of the Complaint.

34. Paragraph 34 is missing from the Complaint, and therefore does not require a response by the Town.

35. The Town denies the allegations set forth in paragraph 35 of the Complaint.

36. The Town denies the allegations set forth in paragraph 36 of the Complaint.

## COUNT VI
(Negligent Misrepresentation vs. Kennan)

37. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 29 through 36, as if each were set forth fully herein.

38. The Town denies the allegations set forth in paragraph 38 of the Complaint.

39. The Town denies the allegations set forth in paragraph 39 of the Complaint.

## COUNT VII
(Misrepresentation vs. Turner)

40–48. The allegations set forth in paragraphs 40-48 do not pertain to the Town.

## COUNT VIII
(Negligent Misrepresentation vs. Turner)

49–51. The allegations set forth in paragraphs 49-51 do not pertain to the Town.

## COUNT IX
(Conspiracy vs. Cooper, Kennan and Turner)

52. The Town restates and incorporates by reference its responses to paragraphs 1 through 51 as if each were set forth fully herein.

53. The Town denies the allegations set forth in paragraph 53 of the Complaint.

54. The Town denies the allegations set forth in paragraph 54 of the Complaint.

55. The Town denies the allegations set forth in paragraph 55 of the Complaint.

## COUNT X
(Chapter 93A vs. Turner)

56–60. The allegations set forth in paragraphs 56-60 do not pertain to the Town.

4

## COUNT XI
(R.I.C.O. vs. Sunderland, Cooper, Kennan and Turner)

61.     The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 52 through 55, as if each were set forth fully herein.

62.     The Town denies the allegations set forth in paragraph 62 of the Complaint.

63.     The Town denies the allegations set forth in paragraph 63 of the Complaint.

## COUNT XII
(Violation of 42 USC 1983 against Sunderland, Cooper, Kennan
and Turner for violation of due process)

64.     The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 52 through 55 and 61 through 63, as if each were set forth fully herein.

65.     The Town denies the allegations set forth in paragraph 65 of the Complaint.

66.     The Town denies the allegations set forth in paragraph 66 of the Complaint.

67.     The Town denies the allegations set forth in paragraph 67 of the Complaint.

68.     The Town denies the allegations set forth in paragraph 68 of the Complaint.

## COUNT XIII
(Violation of Equal Protection v. Sunderland, Cooper, Kennan and Turner)

69.     The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 52 through 55 and 61 through 68, as if each were set forth fully herein.

70.     The Town denies the allegations set forth in paragraph 70 of the Complaint.

71.     The Town denies the allegations set forth in paragraph 71 of the Complaint.

72.     The Town denies the allegations set forth in paragraph 72 of the Complaint.

## COUNT XIV
(Breach of Covenant of Good Faith and Fair Dealing with Sunderland)

73.     The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 8 through 16, as if each were set forth fully herein.

74.     The Town denies the allegations set forth in paragraph 74 of the Complaint.

75. The Town denies the allegations set forth in paragraph 75 of the Complaint.

## COUNT XV
(Violation of M.G.L. c.12 §11(i) vs. Cooper, Kennan and Turner)

76. The Town restates and incorporates by reference its responses to paragraphs 1 through 7 and 17 through 39 and 52 through 55 and 61 through 63 as if each were set forth fully herein.

77. The Town denies the allegations set forth in paragraph 77 of the Complaint.

78. The Town denies the allegations set forth in paragraph 78 of the Complaint.

79. The Town denies the allegations set forth in paragraph 79 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The contract for construction between Pray and the Town required Pray and its agents or contractors to obtain approvals before making changes or incurring additional expenses. To the extent Pray or its agents or contractors failed to seek, submit and/or obtain necessary approvals, it is entitled to recover nothing.

## THIRD DEFENSE

Pray has failed to satisfy a condition precedent to recovery in that Pray has failed to establish compliance with all material terms and obligations of the construction contract with the Town.

## FOURTH DEFENSE

The Town has paid for all amounts that were properly submitted or approved.

## FIFTH DEFENSE

The Town has paid all monies owed to Pray in full satisfaction of the terms of its contract.

## SIXTH DEFENSE

The Complaint should be dismissed because Pray has failed to exhaust its administrative remedies.

## SEVENTH DEFENSE

Pray's claim for additional compensation is barred by fraud.

## EIGHTH DEFENSE

Pray's claim for additional compensation is barred by illegality.

## NINTH DEFENSE

Pray's claim for additional compensation is barred by its falsity.

## TENTH DEFENSE

The claims set forth by Pray are subject to mediation as a condition precedent to filing of litigation.

## ELEVENTH DEFENSE

Counts III, IV, V, and VI of the Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c.258.

## TWELFTH DEFENSE

At the time alleged in the Complaint, the Town was engaged as a public instrumentality, and therefore, Pray's recovery is barred or limited in accordance with G.L. c.258 and the doctrine of sovereign immunity.

## THIRTEENTH DEFENSE

Pray's claims against defendants Kennan and Cooper are barred by G.L. c.258, §2, under which Kennan and Cooper are provided with absolute immunity.

## FOURTEENTH DEFENSE

The Town states that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on a part of a public employer or a public employee acting within the scope of his or her office or employment, and therefore, Pray cannot recover in this action.

## FIFTEENTH DEFENSE

The Town and its employees were at all relevant times, public employees acting within the scope of their employment in good faith and with the reasonable belief that their actions were lawful.

## SIXTEENTH DEFENSE

Counts XII and XIII of the Complaint fail to state a cause of action for which relief may be granted against the Town, in that it states no personal involvement, specific regulation or official policy or knowledge by the Town of the alleged wrongdoing or of any patent of wrongful behavior.

## SEVENTEENTH DEFENSE

The Complaint fails to state a cause of action for which punitive damages are available against the Town.

## EIGHTEENTH DEFENSE

An action based upon a theory of quantum meruit cannot lie against a municipality.

## COUNTERCLAIM

1. The defendant/plaintiff in counterclaim, Town of Sunderland ("Town"), is a municipal corporation having a usual place of business at 12 School Street, Sunderland, Massachusetts.

2. The plaintiff/defendant in counterclaim, D.F. Pray, Inc. ("Pray"), upon information and belief, is a Massachusetts corporation with a last and usual place of business at 25 Anthony Street, Seekonk, Massachusetts.

3. On or about July 21, 2003, the Town and Pray entered into a contract for the "Sunderland Elementary School Emergency Work Project" ("Project").

4. The contract required Pray to achieve substantial completion of the Project by August 22, 2003 and also required Pray to achieve final completion of the Project by September 26, 2003.

5. The contract provides for liquidated damages in the amount of $500.00 per calendar day for each calendar day that the work was not complete beyond the scheduled date for substantial completion and $1,000.00 per calendar day for work not 100% complete by the scheduled date for final completion.

6. Pray failed to achieve substantial completion until November 10, 2003, and to date, has still not completed the Project work.

7. Pray has failed to complete the Project in accordance with the contract documents.

9

8. Pursuant to the contract, Pray was required to complete the Project work in a good and workmanlike manner.

9. Pray is also required to repair defective and deficient items of work in accordance with its warranty obligations under the contract.

10. Pray has failed to complete the work in accordance with the contract documents, failed to complete the work in a good and workmanlike manner and failed to repair defective and deficient items of Project work in accordance with its obligations under the contract.

11. The contract requires Pray to submit any claims in accordance with the procedures set forth in Article 4.3 and resolve disputes in accordance with the procedures set forth in Article 4.4 of the contract.

12. Pray failed to comply with the contract procedures for the submission or resolution of claims.

13. Article 4.5.1 of the contract provides:

> The parties agree that any Claim arising out of or related to the Contract shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to the institution of legal proceedings by either party in a court of competent jurisdiction. Unless the parties otherwise agree, the mediation shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association.

14. Pray submitted a request for mediation, and the Town agreed to participate in mediation in accordance with the contract.

15. Prior to mediation and despite the Town's agreement to mediate, Pray filed suit in this matter in breach of Article 4.5.1 of the contract.

16.     Pray is responsible under the contract for initiating, maintaining and supervising all safety precautions and programs in connection with the performance of the contract.

17.     Pray failed to take reasonable precautions for the safety of its workers which resulted in a worker injury and subsequent delay of several days in construction.

18.     As a result of Pray's breach of contract, the Town has suffered and continues to suffer damages.

COUNT I
(Breach of Contract)

19.     The Town restates and incorporates by reference the allegations set forth in 1 through 18 of this Counterclaim.

20.     Pursuant to the terms of the contract, Pray was required achieve substantial completion of the Project by August 22, 2003 and complete the Project in its entirety by September 26, 2003.

21.     Pursuant to the terms of the contract, Pray was required to complete the Project in accordance with the contract documents.

22.     Pursuant to the terms of the contract, Pray was required to complete the Project in a good and workmanlike manner and is obligated to correct any defective and/or deficient work.

23.     The contract requires Pray to submit any claims in accordance with the procedures set forth in Article 4.3 and resolve disputes in accordance with the procedures set forth in Article 4.4 of the contract.

24.     Pursuant to the terms of the contract, Pray was required to participate in mediation before the filing of this suit.

25.     Pray breached the contract with the Town by failing to complete substantial completion in accordance with the contract, by failing to complete the Project, by failing to complete its

work in accordance with the contract documents, by failing to complete its work in a good and workmanlike manner, by failing to correct defective or deficient work in accordance with its warranty obligations, by failing to follow the procedures set forth in Articles 4.3 and 44 for the submission and resolution of claims and by instituting legal proceedings prior to participating in mediation.

26. As a result of Pray's breach, the Town has and continues to suffer damages and losses.

WHEREFORE, the Town demands judgment against Pray in the Town's favor in an amount equal all of its damages, including attorneys fees and costs and for such other relief for which the Court deems just and proper.

COUNT II
(G.L. c.93A)

27. The Town repeats and restates the allegations set forth in paragraphs 1 through 26 as if they are fully set forth herein.

28. At all times relevant to this matter, Pray was engaged in trade or commerce within the Commonwealth of Massachusetts.

29. Pray submitted claims for additional compensation for items of work that were included in its base bid.

30. Pray submitted claims for additional compensation for items of work that neither it nor its subcontractors performed.

31. Pray submitted claims for additional compensation for work that was required as a result of Pray's errors and omissions in the performance of the Project.

32. Pray has invoiced the Town for the same items of work multiple times.

33. Article 4.5.1 of the contract provides:

> The parties agree that any Claim arising out of or related to the Contract shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be

subject to mediation as a condition precedent to the institution of legal proceedings by either party in a court of competent jurisdiction. Unless the parties otherwise agree, the mediation shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association.

34.   Pray submitted a request for mediation, and the Town agreed to participate in mediation in accordance with the contract.

35.   Prior to mediation and despite the Town's agreement to mediate, Pray filed suit in this matter in willful breach of Article 4.5.1 of the contract.

36.   By filing suit prior to mediation and by submitting claims for work that was included in its base bid, work that neither it nor its subcontractors performed, work that was required as a result of its own errors and omissions and multiple claims for the same work, Pray has violated G.L. c.93A.

37.   Pray's conduct constitutes unfair methods of competition and unfair or deceptive acts or practices as defined by G.L. c.93A.

38.   Pray acted in bad faith and knowingly and willfully in violation of G.L. c.93A.

39.   As a direct and proximate result of Pray's unfair and deceptive conduct, the Town has suffered and continues to suffer loss and damages.

WHEREFORE, the Town demands judgment against Pray in an amount equal to three (3) times its actual damages, plus interest, costs and reasonable attorneys fees.

## JURY DEMAND

Town demands trial by jury on all counts and issues so triable.

TOWN OF SUNDERLAND

By its attorneys,

_____
David C. Jenkins (BBO# 251000)
Jonathan M. Silverstein (BBO# 630431)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

221564/SUND/0007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 6/1/04
_____