

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. A04-0458

FILED
IN CLERKS OFFICE

2004 MAY 24  P 3:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

FILED

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

D.F. PRAY, INC.,

    Plaintiff

v.

TOWN OF SUNDERLAND, THE H.L. TURNER
GROUP, INC., SARA COOPER, and DANA
KENNAN,

    Defendants

NOTICE OF REMOVAL

# 04 CV 11073 MLW

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Now come all defendants, Town of Sunderland, et al., pursuant to the provisions of 28

U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior

Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Bristol,

where it is currently pending, based upon the following grounds:

1.    This is an action in which the plaintiffs allege violations of rights secured by the

United States Constitution and federal statute by the defendants, see Complaint (¶¶64-72),

affixed hereto and incorporated by reference, as well as various state law claims.

2.    This Court has jurisdiction over the plaintiffs' federal claims pursuant to 28

U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3.    Removal is timely, as this action was served on the defendants no earlier than

May 5, 2004, and the original Notice of Removal was filed on May 24, 2004.

A True Copy By Photostatic Process
Attest:

Asst Clerk of Courts

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANTS,

TOWN OF SUNDERLAND,
SARA COOPER,
and DANA KENNAN,

By their attorneys,

*Thomas W. McEnaney/JC*

David C. Jenkins (BBO# 251000)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

221620/SUND/0012

DEFENDANT,

THE H.L. TURNER GROUP,

By its attorney,

*David J. Hatem/JC*

David J. Hatem, Esq. (BBO#225700)
Donovan, Hatem
Two Seaport Avenue
Boston, MA 02210
(617) 406-4500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on _6/24/04_

2

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
C.A. NO. A04-0458

D.F. PRAY, INC.,

    Plaintiff

v.

TOWN OF SUNDERLAND, THE H.L.
TURNER GROUP, INC., SARA COOPER,
and DANA KENNAN,

    Defendants

WRITTEN NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. §1446(d)

To:   D.F. Pray, Inc.

      Through its attorney:
      Edward F. Vena, Esq.
      Vena, Riley, Deptula, LLP
      250 Summer Street
      Boston, MA 02210

And:  Clerk, Civil
      Bristol Superior Court
      9 Court St.
      Room 13
      Taunton, MA 02780

Please take notice that a Notice of Removal of the above-captioned action from the

Superior Court of the Commonwealth of Massachusetts, Bristol County, to the United States

District Court for the District of Massachusetts (a copy of which Notice of Removal is annexed

hereto) was duly filed in the United States District Court for the District of Massachusetts.

Please take further notice that this Written Notice and a copy of the Notice of Removal,

certified by the United States District Court for the District of Massachusetts, has been duly filed

with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Bristol County,

which filing removes this action and, in accordance with 28 U.S.C. §1446(d), the Superior Court

shall proceed no further herein unless and until this case is remanded by the United States

District Court.

DEFENDANTS,

TOWN OF SUNDERLAND,
SARA COOPER,
and DANA KENNAN,

By their attorneys,

*Thomas W. McEnaney / JE*

David C. Jenkins (BBO# 251000)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
   Town Counsel
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

221652/SUND/0007

DEFENDANT,

THE H.L. TURNER GROUP,

By its attorney,

*David J. Hatem / JE*

David J. Hatem, Esq. (BBO#225700)
Donovan, Hatem
Two Seaport Avenue
Boston, MA 02210
(617) 406-4500

●JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

D.F. Pray, Inc.

## DEFENDANTS

Town of Sunderland, The H.L. Turner Group, Inc., Sara Cooper, and Dana Kennan

(b) County of Residence of First Listed Plaintiff ___Bristol___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward F. Vena, Esq. Charles A. Plunkett, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street, Boston, MA 02210

Attorneys (If Known)

See Attachment

04 CV 11073 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Action pursuant to 42 U.S.C. 1983 for alleged violations of Constitutional provisions and RICO Statute, arising from contractual relations between plaintiff and defendants

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
5/25/04

SIGNATURE OF ATTORNEY OF RECORD
_Edward C. Jennes_, _David J. Hatem /gtr_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Attachment**

Attorneys for defendants Town of Sunderland, Sara Cooper, and Dana Kennan:

David C. Jenkins, Esq.
Thomas W. McEnaney, Esq.
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116

Attorney for defendant D.F. Pray, Inc.

04cv11073 MLW

David J. Hatem, Esq.
Donovan, Hatem
Two Seaport Lane
Boston, MA 02210
617-406-4500

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  D.F. Pray, Inc. v. Town of Sunderland

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.   150, 152, 153.

04 cv 11073 MLW

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.


4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

  YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

  YES [ ]   NO [X]

  If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

  YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

  YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

  YES [ ]   NO [X]

  A.  If yes, in which division do all of the non-governmental parties reside?

  Eastern Division [ ]   Central Division [ ]   Western Division [ ]

  B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

  Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions.)

  YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  David C. Jenkins and Thomas W. McEnany, Esq.

ADDRESS  Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116

TELEPHONE NO.  (617) 556-0007

(Coversheetlocal.wpd - 10/17/02)

# 04 CV 11073 MLW

Form #42

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. A04-0458

[SEAL]

D.F. Pray, Inc. _____, Plaintiff(s)

v.

Town of Sunderland, The H.L. Turner
Group, Inc., Sara Cooper, and Dana Kennan
_____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT X CONTRACT —
EQUITABLE RELIEF — OTHER.)

**A True and Attested C...**

Gordon E. Ainsworth
Deputy Sheriff    Franklin County

### SUMMONS

To the Above-Named Defendant: Town of Sunderland

You are hereby summoned and required to serve upon Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP
plaintiff's attorney, whose address is 250 Summer St., Boston, MA 02210 ;
an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at * either before service upon plaintiff's attorney or within a
reasonable time thereafter. * 9 Court Street, Taunton, MA 02780

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the fifth day of May , in the year
of our Lord two thousand and four .

*Mary J. Saulo, Esq.*

Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If
   a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

*NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

2SC 24

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) A 04-0458 | Trial Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

**PLAINTIFF(S)** D.F. PRAY, INC.

**DEFENDANT(S)** Town of Sunderland, The H.L. Turner Group, Inc., Sara Cooper, and Dana Kennan

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Edward F. Vena, Vena Riley Deptula LLP, 250 Summer Street, Boston MA 02210       617-951-2400

Board of Bar Overseers number: 508660

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | services labor mterials | ( F ) | (X )Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . Subtotal $ . . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
F. Other documented items of damages (describe)

$ . . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . . . . .
TOTAL $ . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff is general contractor who entered into contract with Town of Sunderland for bbuilding project. Defendants misrepresented availability of funds to pay Plaintiff, who is owed money under the contract.

TOTAL $1,488,996.0 (

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules or Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: May 3, 2004

Signature of Attorney of Record Edward F Vena

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

5.  The Defendant Dana Kennan ("Kennan") is an individual with a last and usual place of residence at 404 North Main Street, Petersham, Massachusetts.  Kennan is the Town Manager for Sunderland.

6.  Pray as a general contractor entered into a contract ("Contract") with Sunderland for a project known as Sunderland Elementary School Emergency Work (the "Project").

7.  Turner provided services to Sunderland, with respect to the design and contract administration of the Project.

## COUNT I
### (Breach of Contract vs. Sunderland)

8.  Pray restates the allegations contained in paragraphs 1 through 7 as if each were set forth fully herein.

9.  Pray completed all of its work on the Project.

10. Pray is owed $1,488,996.47 for work it performed for Sunderland on the Project.

11. Pray has made demand on Sunderland for payment of $1,488,996.47 for work performed on the Project.

12. Sunderland, in breach of the Contract, has failed to pay Pray.

## COUNT II
### (Quantum Meruit vs. Sunderland)

13. Pray restates the allegations contained in paragraphs 1 through 7 as if each were set forth fully herein.

14. The fair value of the labor, services, material and equipment furnished and installed on the Project by Pray is $1,488,996.47.

15. Pray has requested payment form Sunderland for said $1,488,996.47.

16. Sunderland has failed and refused to pay Pray.

2

## COUNT III
(Misrepresentation vs. Cooper)

17. Pray restates the allegations in paragraphs 1 through 7 as if each were set forth fully herein.

18. Cooper, as the Town Accountant, on several occasions represented to Pray, through interstate commerce, including through the use of the U.S. mails, that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

19. Copies of such letters containing materially false representations are attached hereto and incorporated by reference herein as Exhibits A and B.

20. Cooper provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including additional work over and above the original Contract, that Pray was providing to the Project.

21. Cooper knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

22. At the time Cooper made said representations, she knew that they were false, and, that the funds, in fact, did not exist.

23. Cooper made said representations to induce Pray to continue to expend its own monies, to provide work on the Project.

24. In reasonable reliance on said misrepresentations by Cooper, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

25. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Cooper.

3

## COUNT IV
### (Negligent Misrepresentation vs. Cooper)

26. Pray restates the allegations contained in paragraphs 1 through 7 and 17 through 25, as if each were set forth fully herein.

27. Cooper negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work over and above the original Contract, on the Project.

28. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Cooper.

## COUNT V
### (Misrepresentation vs. Kennan)

29. Pray restates the allegations in paragraphs 1 through 7 as if each were set forth fully herein.

30. Kennan, as the Town Manager, on several occasions represented to Pray that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

31. Kennan provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including additional work over and above the original Contract, that Pray was providing to the Project.

32. Kennan knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

33. At the time Kennan made said representations, he knew that they were false and that the funds, in fact, did not exist

4

monies, to provide work on the Project.

35. In reasonable reliance on said misrepresentations by Kennan, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

36. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Kennan.

## COUNT VI
### (Negligent Misrepresentation vs. Kennan)

37. Pray restates the allegations contained in paragraphs 1 through 7 and 29 through 36, as if each were set forth fully herein.

38. Kennan negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work, over and above the original Contract, on the Project.

39. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Kennan.

## COUNT VII
### (Misrepresentation vs. Turner)

40. Pray restates the allegations contained in paragraphs 1 through 7, as if each were set forth fully herein.

41. Turner, on several occasions represented to Pray, through interstate commerce, including through the use of the U.S. mails, that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

42. A copy of one such letter containing materially false representations is attached hereto and incorporated by reference herein as Exhibit C.

43. Turner provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including, additional work over and above the original Contract, that Pray was providing to the Project.

44. Turner knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

45. At the time Turner made said representations, it knew that they were false and that the funds, in fact, did not exist.

46. Turner made said representations to induce Pray to continue to expend its own monies, to provide work on the Project.

47. In reasonable reliance on said misrepresentations by Turner, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

48. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Turner.

## COUNT VIII
(Negligent Misrepresentation vs. Turner)

49. Pray restates the allegations contained in paragraphs 1 through 7 and 40 through 48, as if each were set forth fully herein.

50. Turner negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work over and above the original Contract, on the Project.

51. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Turner.

## COUNT IX
### (Conspiracy vs. Cooper, Kennan and Turner)

52. Pray restates the allegations contained in paragraphs 1 through 51 as if each were set forth fully herein.

53. Cooper, Kennan and Turner, conspired to defraud Pray of its monies for the work it performed on the Project.

54. The numerous misrepresentations made by Cooper, Kennan and Turner to Pray were done in a concerted and calculated effort to defraud Pray.

55. As a result of said conspiracy, Pray has been damaged in the amount of $1,488,996.47.

## COUNT X
### (Chapter 93A v. Turner)

56. Pray restates the allegations contained in paragraph 1 through 7 and 40 through 48, as if each were set forth fully herein.

57. The acts of Turner constituted unfair and deceptive trade practices in violation of c. 93A.

58. Said acts took place in trade or commerce primarily and substantially in the Commonwealth of Massachusetts.

59. Turner's acts were willful and knowing.

60. As a result of Turner's act, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XI
### (R.I.C.O. vs. Sunderland, Cooper, Kennan and Turner)

61. Pray restates the allegations contained in paragraphs 1 through 7, and 52 through 55, as if each were set forth fully herein.

7

62. Sunderland, Cooper, Kennan and Turner conducted an ongoing enterprise to defraud Pray, including through interstate commerce and the use of the U.S. mails, and such acts constitute a pattern and practice of racketeering activity.

63. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XII
(Violation of 42 USC 1983 against Sunderland, Cooper, Kennan and Turner for violation of due process)

64. Pray restates the allegations contained in paragraphs 1 through 7 and 52 though 55 and 61 through 63, as if each were set forth fully herein.

65. Sunderland, Cooper, Kennan and Turner, acting under color of state law, have deprived Pray of monies and the benefit of its Contract.

66. The acts of Sunderland, Cooper, Kennan and Turner were egregious, outrageous, conscience shocking, and, coercive, and intended to deprive Pray of its property without due process.

67. The aforementioned acts interfere with Pray's substantive right of due process, including the right not to be deprived of its property and liberty without due process, and therefore, have violated Pray's right to due process of law.

68. As a result of such acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XIII
(Violation of Equal Protection v. Sunderland, Cooper, Kennan and Turner)

69. Pray restates the allegations contained in paragraphs 1 through 7 and 52 through 55 and 61 through 68, as if each were set forth fully herein.

70. The acts of Sunderland, Cooper, Kennan and Turner, were done in bad faith and with a malicious intent to injury Pray and deprive Pray of its property and liberty

interests, and constitute a gross abuse of government power directed to Pray in contrast to others similarly situated.

71. Said acts deprived Pray of its right to equal protection of the law.

72. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XIV
(Breach of Covenant of Good Faith and Fair Dealing with Sunderland)

73. Pray restates the allegations contained in paragraph 1 through 7 and 8 through 16 as if each were set forth fully herein.

74. By its wrongful acts, Sunderland acting by and through its employees, Cooper and Kennan, and its agent Turner, violated the covenant of good faith and fair dealing.

75. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XV
(Violation of M.G.L. c. 12 § 11(i) vs. Cooper, Kennan, and Turner)

76. Pray restates the allegations contained in paragraph 1 through 7 and 17 through 39 and 52 through 55 and 61 through 63 as if each were set forth fully herein.

77. Cooper and Kennan, through acts of coercion, interfered with Pray's right secured to it by constitution or laws of the United States and the Commonwealth of Massachusetts.

78. Cooper and Kennan used coercion to deprive Pray of its property and liberty interests.

79. As a result of said coercion, Pray has been damaged in the amount of $1,488,996.47.

9

WHEREFORE, Pray demands that the Court enter judgment in its favor as follows:

a) On Count I, against defendant, the Town of Sunderland, in the amount of $1,488,996.47 together with interest thereon, costs, expenses and reasonable attorney's fees.

b) On Count II, against defendant, the Town of Sunderland, in the amount of $1,488,996.47 together with interest thereon, costs, expenses and reasonable attorney's fees.

c) On Count III, against defendant, Sara Cooper, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

d) On Count IV, against defendant, Sara Cooper, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

e) On Count V, against defendant, Dana Kennan, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

f) On Count VI, against defendant, Dana Kennan, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

g) On Count VII, against defendant, The H.L. Turner Group, Inc., in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

h) On Count VIII, against defendant, The H.L. Turner Group, Inc., in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

i) On Count IX, against defendants, Cooper, Kennan and Turner, individually, and, jointly and severally, in the amount of $1,488,996.47, together with interest thereon, costs, expenses and reasonable attorney's fees.

j) On Count X, against defendant Turner:

a) In an amount of $1,488,996.47;

10

      b)     In an amount up to treble damages, $4,466,989.20; and

      c)     Costs, expenses, and reasonable attorney's fees as set forth in M.G.L. c. 93A.

k)     On Count XI, against defendants, Sunderland, Cooper, Kennan and Turner, individually, and jointly and severally:

      a.)     In an amount of $1,488,996.47;

      b)     In an amount of up to treble damages, $4,466,989.20; and

      c)     Interests, costs, expenses and attorney's fees as provided in 18 U.S.C. §1964(c).

l)     On Count XII, against defendants Sunderland, Cooper and Kennan, individually, and, jointly and severally.

      a)     For compensatory damages in the amount of $1,488,996.47 with interest thereon;

      b)     For punitive damages in the amount of $4,466,989.20 with interest thereon;

      c)     For costs, expenses and attorney's fees in accordance with 42 USC 1988; and

      d)     For such other relief as the Court deems appropriate and just.

m)     On Count XIII, against defendants Sunderland, Cooper and Kennan, individually, and, jointly and severally.

      a)     For compensatory damages in the amount of $1,488,996.47 with interest thereon;

      b)     For punitive damages in the amount of $4,466,989.20 with interest thereon;

      c)     For costs, expenses and attorney's fees in accordance with 42 USC 1988; and

      d)     For such other relief as the Court deems appropriate and just.

n)     On Count XIV, against defendant Sunderland.

      a)     For compensatory damages in the amount of $1,488,996.47 with interest thereon;

11

b)     For punitive damages in the amount of $4,466,989.20 with interest thereon;

c)     For costs, expenses and attorney's fees; and

d)     For such other relief as the Court deems appropriate and just.

o)     On Count XV, against Cooper, Kennan, and Turner in the amount of $1,488,996.47, together with interest thereon, costs, expenses and attorney's fees.

p)     That the Court grant such other relief as it deems appropriate and just.

## JURY DEMAND

D.F. Pray demands trial by jury on all counts and issues so triable.

D.F. Pray, Inc.,
By its attorneys,

*Edward F. Vena*

Edward F. Vena, BBO #508660
Charles A. Plunkett, BBO #547714
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA 02210
Tel: (617) 951-2400

Dated: May 3, 2004

12

# Exhibit A



## TOWN ACCOUNTANT
### TOWN OF SUNDERLAND MASSACHUSETTS
Town Offices    12 School Street    Sunderland, MA  01375
Office:  (413) 665-1443    FAX:  (413) 665-1446

August 25, 2003

I hereby certify that at the Sunderland Special Town Meeting dated April 25, 2003, Article #2, to borrow $4,100,000.00 to rehabilitate, reconstruct, construct and pay any other expenses associated with the repair of the Sunderland Elementary School, was passed by a 2/3 vote.  Change orders shall not in aggregate exceed $4,100,000.00.

Sara Cooper

Sara.Cooper, Town Accountant

# Exhibit B

# TOWN ACCOUNTANT



**TOWN OF SUNDERLAND MASSACHUSETTS**
Town Offices: 12 School Street
Sunderland, MA 01375

PHONE: (413) 665-1443
FAX: (413) 665-1446

September 19, 2003


Scott Pray, President
D.F. Pray
General Contractors
25 Anthony Street
Seekonk, MA 02771

Dear Mr. Pray:

After review of the architect's latest spreadsheets of accounting for the construction of GMP, proposed changes indicate that the highest sum total of construction costs, including all funds that DF Pray has asserted that they are due, and pending the Architect's confirmation of justification of additional work and costs, is $3,953,858. The amount is well within the Owner's currently available project funds of $4,269,000. The owner will disburse other project expenses from a combination of the above funds, other Town funds and School district funds.

Please proceed with the remaining project work, including additional work, and provide all required supporting documentation for our review and confirmation of actual values of all work as soon as possible.

Sincerely,

Sara Cooper
Town Accountant

Cc:     Loren Belida, The H.L. Turner Group
        Board of Selectmen

DWK/cab

# Exhibit C



**TURNER GROUP**

# THE H.L. TURNER GROUP Inc.

27 LOCKE ROAD, CONCORD, NH 03301-5301  TELEPHONE: 603-228-1122  FAX: 603-228-1126

September 16, 2003

Ronald H. Laprise, Vice President
DF Pray General Contractors
25 Anthony Street
Seekonk, MA 02771

RE: Sunderland Elementary School Emergency Work
**Project Accounting**

Dear Mr. Laprise,

Please find attached copies of the Architect's latest spreadsheets of accounting for the construction GMP and proposed changes. The highest sum total, including all funds that DF Pray has asserted that they are due, is $3,953,858. This amount is well within the Owner's currently available project funds of $4,308,143. The Owner will pay other project expenses from a combination of the above funds, other Town funds and School District funds.

Please proceed with the remaining project work, including additional work, and provide all required supporting documentation for our review as soon as possible.

Sincerely,

Loren M. Belida, AIA
Senior Vice President Architecture

CC: Dana Kennan
Attachments

ARCHITECTS • ENGINEERS • BUILDING SCIENTISTS • CONSTRUCTION MANAGERS

<u>CERTIFICATE OF SERVICE</u>

I, Jackie Cowin, hereby certify that on the below date, I served a copy of the foregoing Written Notice of Removal, by mailing a copy of same, postage prepaid, to the following counsel of record for the plaintiff:

> Edward F. Vena, Esq.
> Vena, Riley, Deptula, LLP
> 250 Summer Street
> Boston, MA 02210

and the co-defendant:

> David J. Hatem, Esq.
> Donovan, Hatem
> Two Seaport Avenue
> Boston, MA 02210
> (617) 406-4500

Dated: _5/24/04_     _Jackie Cowin_
                      Jackie Cowin

221652/METG/0007

BRISTOL, SS SUPERIOR COURT

FILED

MAY 24 2004

MARC J. SANTOS, ESQ.
CLERK MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: A04-0458

D.F. PRAY, INC.
    Plaintiff,

v.

TOWN OF SUNDERLAND, THE H.L.
TURNER GROUP, INC., SARA COOPER,
AND DANA KENNAN
    Defendants.

)
)
)
)
)
)
)
)
)
)
)

*For the reasons stated herein and by agreement of counsel, this motion is ALLOWED extending the time to respond to the Complaint through June 4, 2004.*

*Philip F. Leahy, Asst Clerk*
*May 25, 2004*

## MOTION OF THE DEFENDANT,
## THE H.L. TURNER GROUP, INC., MOTION TO ENLARGE THE TIME
## WITHIN WHICH TO SERVE A RESPONSE TO THE COMPLAINT

The defendant, H.L. TURNER GROUP, INC., hereby moves that the time within which they be required to serve a response to the Complaint be enlarged through and including the end of the business day on June 4, 2004.

ASSENTED TO:

D.F. Pray, Inc.,

By its Attorneys,

Edward F. Vena, Esq., BBO #508660
Charles A. Plunkett, Esq., BBO #547714
Vena, Riley, Deptula, LLP
250 Summer Street
Boston, MA 02210
(617) 951-2400

H.L. TURNER GROUP, INC.

By its Attorney,

David J. Hatem, Esq., PC, BBO #225700
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

00833226

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

BRISTOL, SS SUPERIOR COURT

FILED

MAY 2 4 2004

ANTOS, ESQ.

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                           SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO.:  A04-0458

| | |
|---|---|
| D.F. PRAY, INC. | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF SUNDERLAND, THE H.L. | ) |
| TURNER GROUP, INC., SARA COOPER, | ) |
| AND DANA KENNAN | ) |
|     Defendants. | ) |
| | ) |

### NOTICE OF APPEARANCE

Please enter the appearance of David J. Hatem, Esq., PC as attorney for the defendant, H.L. TURNER GROUP, INC., in connection with the above-entitled action.

Respectfully submitted,

H.L. TURNER GROUP, INC.
By their attorney,

David J. Hatem, Esq., PC, BBO #225700
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
(617) 406-4500

Date:  May 20, 2004

00833226

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. A04-0458

D.F. Pray, Inc. _____ , Plaintiff (s)

v.

Town of Sunderland, The H.L. Turner, Group, Inc.,
Sara Cooper, and Dana Kennan _____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — <u>X</u> CONTRACTS — SUPERIOR COURT
EQUITABLE RELIEF — OTHER.)                       FILED

MAY 17 2004

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:   Dana Kennan

You are hereby summoned and required to serve upon .... Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP

plaintiff's attorney, whose address is 250 Summer St., Boston, MA 02210 ;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at ....... * .......... either before service upon plaintiff's attorney or within a
reasonable time thereafter.   * 9 Court Street, Taunton, MA 02780

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the ..... fifth ..........day of.... May .............., in the year
of our Lord two thousand and ....... four ...............

*Magistrate*

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If
a separate summons is used for each defendant, each should be addressed to the particular defendant.

3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

2SC 24



**VENA, RILEY, DEPTULA, LLP**



250 Summer Street, 2nd Floor
Boston, MA 02210

Phone: 617.951.2400
Fax: 617.951.2420

John Pagliaro
Email: jpagliaro@vrdllp.com

May 13, 2004

**BY CERTIFIED MAIL, 7003 3110 0003 2992 2703,
Return Receipt Requested**

Civil Clerk
Bristol Superior Court
9 Court Street, Room 13
Taunton, MA 02780

      RE:     *D. F. Pray, Inc. v. Town of Sunderland, The H.L.
            Turner Group, Sara Cooper, and Dana Kennan*
            C.A. No. A04-0458*

Dear Sir or Madame:

    Enclosed please find the following:

        1.   **Return of Service on Town of Sunderland;**

        2.   **Return of Service on Sara Cooper; and**

        3.   **Return of Service on Dana Kennan.**

    Thank you for your attention to this matter.

                     Very truly yours,

                     John Pagliaro

encs.

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. A04-0458

[SEAL]

D.F. Pray, Inc. _____ , Plaintiff (s)

v.

Town of Sunderland, The H.L. Turner Group, Inc., Sara Cooper, and Dana Kennan _____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT  X  CONTRACT —
EQUITABLE RELIEF — OTHER.)

BRISTOL, SS. SUPERIOR COURT
FILED
MAY 17 200?

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:  Sara Cooper

You are hereby summoned and required to serve upon  Edward F. Vena, Esquire
Vena, Riley, Deptula, LLP

plaintiff's attorney, whose address is  250 Summer St., Boston, MA  02210  ;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ____*____ either before service upon plaintiff's attorney or within a reasonable time thereafter.   * 9 Court Street, Taunton, MA  02780

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the _____fifth_____ day of _____May_____, in the year of our Lord two thousand and _____four_____

_Magistrate_

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.  If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

2SC 24



Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. A04-0458

[SEAL]

D.F. Pray, Inc. _____ , Plaintiff (s)

v.

Town of Sunderland, The H.L. Turner
Group, Inc., Sara Cooper, and Dana Kennan
_____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED
TORT — MOTOR VEHICLE TORT X CONTRACT —
EQUITABLE RELIEF — OTHER.)

BRISTOL SS SUPERIOR COURT
FILED

MAY 17 2004

MARC J. SANTOS, ESQ.
Clerk/Magistrate

**SUMMONS**

To the Above-Named Defendant:  Town of Sunderland

You are hereby summoned and required to serve upon Edward K. Vena, Esquire

Vena, Riley, Deptula, LLP

plaintiff's attorney, whose address is 250 Summer St., Boston, MA 02210 ;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at * _____ either before service upon plaintiff's attorney or within a
reasonable time thereafter. * 9 Court Street, Taunton, MA 02780

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the ____fifth____ day of ____May____, in the year
of our Lord two thousand and ____four____

_Marc J. Santos, Esq._

Magistrate

<div style="writing-mode: vertical-lr; float: left;">NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.  If
    a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

A True Copy By Photostatic Process
Attest: _____

2SC 24

Asst. Clerk of Courts

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No.  A04-0458

D.F. Pray, Inc. _____ , Plaintiff (s)

v.

Town of Sunderland, The H.L. Turner Group, Inc., Sara Cooper, and Dana Kennan _____ Defendant(s)

BRISTOL, SS SUPERIOR COURT
FILED

MAY 1 4 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT X— CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

To the Above-Named Defendant: The H.L. Turner Group, Inc.

You are hereby summoned and required to serve upon Edward F. Vena, Esquire Vena, Riley, Deptula, LLP

plaintiff's attorney, whose address is 250 Summer St., Boston, MA 02210 ;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at * either before service upon plaintiff's attorney or within a reasonable time thereafter. * 9 Court Street, Taunton, MA 02780

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the fifth day of May , in the year of our Lord two thousand and four

*Magistrate*

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

2SC 24

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# **BRCV2004-00458**

RE:   **D.F. Pray, Inc. v Sunderland et al**

TO:   FILE COPY

> BRISTOL, SS SUPERIOR COURT
> FILED
>
> MY – 3 2004
>
> MARC J. SANTOS, ESQ.
> CLERK/MAGISTRATE

## NOTICE OF COMPLAINT FILED UNDER CHAP. 93A

Enclosed is a copy of the Complaint in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **05/03/2004** in the Bristol Superior Court.

Dated at Taunton, Massachusetts this 3rd day of May, 2004.

Marc J. Santos,
Clerk of the Courts

ENC.

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

cvdnot93A.wpd 394665 not93A aguiarka