UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*FILED*
*IN CLERKS OFFICE*
*2004 JUN 14 P 4: 56*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

| | |
|---|---|
| D.F. PRAY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF SUNDERLAND, THE H.L. | ) |
| TURNER GROUP, INC., SARA COOPER, | ) |
| AND DANA KENNAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION NO.: 04-CV-11073-MLW

## THE DEFENDANT, THE H.L. TURNER GROUP, INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

The defendant, The H.L. Turner Group, Inc. ("Turner"), hereby responds to the Complaint and Jury Demand of the plaintiff, D.F. Pray, Inc. ("Pray"), by corresponding numbered paragraphs as follows:

1.    Turner is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.    Turner is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    Admitted.

4.    Turner is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Turner is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Turner is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Turner responds to the allegations in paragraph 7 by stating that its contract with the Town of Sunderland ("Sunderland") speaks for itself.

## COUNT I
(Breach of Contract vs. Sunderland)

8-12.    As the allegations set forth in paragraphs 8 through 12 do not pertain to Turner, no responsive pleading is required.

## COUNT II
(Quantum Meruit vs. Sunderland)

13-16. As the allegations set forth in paragraphs 13 through 16 do not pertain to Turner, no responsive pleading is required.

## COUNT III
(Misrepresentation vs. Cooper)

17-25.  As the allegations set forth in paragraphs 17 through 25 do not pertain to Turner, no responsive pleading is required.

## COUNT IV
(Negligent Misrepresentation vs. Cooper)

26-28.  As the allegations set forth in paragraphs 26 through 28 do not pertain to Turner, no responsive pleading is required.

## COUNT V
(Misrepresentation vs. Kennan)

29-36. As the allegations set forth in paragraphs 29 through 36 do not pertain to Turner, no responsive pleading is required.

## COUNT VI
(Negligent Misrepresentation vs. Kennan)

37-39. As the allegations set forth in paragraphs 37 through 39 do not pertain to Turner, no responsive pleading is required.

## COUNT VII
(Misrepresentation vs. Turner)

40.    Turner restates and incorporates by reference its responses to paragraphs 1 through 7 as if each were fully set forth herein.

41.    Turner denies the allegations set forth in paragraph 41 of the Complaint.

42.    Turner denies the allegations set forth in paragraph 42 of the Complaint.

43.    Turner denies the allegations set forth in paragraph 43 of the Complaint.

44.    Turner denies the allegations set forth in paragraph 44 of the Complaint.

45.    Turner denies the allegations set forth in paragraph 45 of the Complaint.

46.    Turner denies the allegations set forth in paragraph 46 of the Complaint.

47.    Turner denies the allegations set forth in paragraph 47 of the Complaint.

48.    Turner denies the allegations set forth in paragraph 48 of the Complaint.

## COUNT VIII
(Negligent Misrepresentation vs. Turner)

49.    Turner restates and incorporates by reference its responses to paragraphs 1 through 7 and 40 through 48 as if each were fully set forth herein.

50.    Turner denies the allegations set forth in paragraph 50 of the Complaint.

51.    Turner denies the allegations set forth in paragraph 51 of the Complaint.

## COUNT IX
(Conspiracy vs. Cooper, Kennan and Turner)

52.    Turner restates and incorporates by reference its responses to paragraphs 1

through 51 as if each were fully set forth herein.

53.    Turner denies the allegations set forth in paragraph 53 of the Complaint.

54.    Turner denies the allegations set forth in paragraph 54 of the Complaint.

55.    Turner denies the allegations set forth in paragraph 55 of the Complaint.

## COUNT X
(Chapter 93A vs. Turner)

56.    Turner restates and incorporates by reference its responses to paragraphs 1

through 7 and 40 through 48 as if each were fully set forth herein.

57.    Turner denies the allegations set forth in paragraph 57 of the Complaint.

58.    Turner denies the allegations set forth in paragraph 58 of the Complaint.

59.    Turner denies the allegations set forth in paragraph 59 of the Complaint.

60.    Turner denies the allegations set forth in paragraph 60 of the Complaint.

## COUNT XI
(R.I.C.O. vs. Sunderland, Cooper, Kennan and Turner)

61.    Turner restates and incorporates by reference its responses to paragraphs 1

through 7 and 52 through 55 as if each were fully set forth herein.

62.    Turner denies the allegations set forth in paragraph 62 of the Complaint.

63.    Turner denies the allegations set forth in paragraph 63 of the Complaint.

4

## COUNT XII
(Violation of 42 USC 1983 against Sunderland, Cooper, Kennan
and Turner for violation of due process)

64.    Turner restates and incorporates by reference its responses to paragraphs 1

through 7, 52 through 55 and 61 through 63 as if each were fully set forth herein.

65.    Turner denies the allegations set forth in paragraph 65 of the Complaint.

66.    Turner denies the allegations set forth in paragraph 66 of the Complaint.

67.    Turner denies the allegations set forth in paragraph 67 of the Complaint.

68.    Turner denies the allegations set forth in paragraph 68 of the Complaint.

## COUNT XIII
(Violation of Equal Protection v. Sunderland, Cooper, Kennan and Turner)

69.    Turner restates and incorporates by reference its responses to paragraphs 1

through 7, 52 through 55 and 61 through 68 as if each were fully set forth herein.

70.    Turner denies the allegations set forth in paragraph 70 of the Complaint.

71.    Turner denies the allegations set forth in paragraph 71 of the Complaint.

72.    Turner denies the allegations set forth in paragraph 72 of the Complaint.

## COUNT XIV
(Breach of Covenant of Good Faith and Fair Dealing with Sunderland)

73-75.  As the allegations set forth in paragraphs 73-75 do not pertain to Turner, no

responsive pleading is required.

<u>**COUNT XV**</u>
(Violation of M.G.L. c. 12, § 11(I) vs. Cooper, Kennan and Turner)

76.    Turner restates and incorporates by reference its responses to paragraphs 1 through 7, 17 through 39, 52 through 55 and 61 through 63 as if each were fully set forth herein.

77.    As the allegations set forth in paragraph 77 do not pertain to Turner, no responsive pleading is required.

78.    As the allegations set forth in paragraph 78 do not pertain to Turner, no responsive pleading is required.

79.    Turner denies the allegations set forth in paragraph 79 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted against Defendant Turner.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the economic loss doctrine.

**THIRD AFFIRMATIVE DEFENSE**

The claims against Turner are barred by the doctrines of release, waiver and/or estoppel.

6

## FOURTH AFFIRMATIVE DEFENSE

Turner acted in full compliance with its contractual obligations and in good faith with respect to its decisions, determinations and other actions performed in connection therewith, and is accordingly immune from claims asserted by the plaintiff in this action.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by its failure to satisfy conditions precedent that would justify additional compensation, specifically its failure to provide timely and adequate notice under its contract.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to satisfy a condition precedent to recovery in that it has failed to establish its compliance with all material terms and obligations of its contract.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff has suffered any damages, its claims for relief are barred because such damages are a result of its own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, or any damages must be reduced, on account of the plaintiff's contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the plaintiff has failed to exhaust its administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for additional compensation is barred by fraud.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claim for additional compensation is barred by illegality.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for additional compensation is barred by its falsity.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is untimely as the claims set forth by the plaintiff are subject to mediation as a condition precedent to the commencement of litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Count X fails to state a cause of action for which relief may be granted against Turner, in that Turner and the plaintiff had no commercial relationship.

## SIXTEENTH AFFIRMATIVE DEFENSE

Counts XII and XIII fail to state a cause of action for which relief may be granted against Turner, in that Turner is a private, non-governmental entity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Count XV fails to state a cause of action for which relief may be granted against Turner, in that the plaintiff fails to allege an actual or potential physical

confrontation accompanied by a threat of harm, nor does any factual basis exists to support such an allegation.

**WHEREFORE**, the defendant, The H.L. Turner Group, Inc., respectfully requests that this Complaint be dismissed with prejudice and judgment entered in Turner's favor on the merits, that Turner be awarded costs and attorneys' fees, and that Turner be granted such further relief as is this Court may deem just and proper.

## JURY DEMAND

**THE DEFENDANT DEMANDS A JURY TRIAL AS TO ALL ISSUES.**

Respectfully submitted,

H.L. TURNER GROUP, INC.
By its attorneys,

David J. Hatem, Esq., PC, BBO #225700
Lee M. Holland, Esq. BBO # 650617
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
(617) 406-4500

Date:  June 11, 2004

9

## CERTIFICATE OF SERVICE

I, David J. Hatem, Esq., PC hereby certify that on this 11th day of May 2004, I served **THE DEFENDANT, THE H.L. TURNER GROUP, INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** by mailing copies thereof, postage prepaid to:

Edward F. Vena, Esq.
Charles A. Plunkett, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street
Boston, MA 02210

Thomas W. McEnaney, Esq.
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116-4102

David J. Hatem, Esq., PC

00836787.14352.254