UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11073-MLW

| | |
|---|---|
| D.F. PRAY, INC., <br><br> Plaintiff <br><br> v. <br><br> TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER, and DANA KENNAN, <br><br> Defendants | DEFENDANTS TOWN OF SUNDERLAND, SARA COOPER, AND DANA KENNAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

INTRODUCTION

This action arises out of out of a construction project known as Sunderland Elementary School Emergency Work (the "Project"). The plaintiff, D.F. Pray, was the general contractor for the Project under contract with the Town. On May 5, 2004, plaintiff filed a Complaint in the Massachusetts Superior Court alleging, among other things, that the Town breached its contract by failing to pay the plaintiff for additional services rendered for the Project. The matter was removed to this Court on or about May 24, 2004. Defendants Town of Sunderland, Sara Cooper and Dana Kennan (together, the "Town") filed an Answer to the Complaint on or about June 1, 2004. The plaintiff has now filed a Motion for Leave to Amend Complaint ("Motion to Amend"). For the reasons stated below, the Town requests that such motion be denied.

ARGUMENT

Plaintiff moves this court to amend the complaint to add new Count XVI. In this count, plaintiff contends that the Town violated the First and Fourteenth Amendments of the United States Constitution by retaliating against plaintiff for the filing of this lawsuit. According to the

plaintiff, the Town retaliated by failing to pay plaintiff money appropriated by the Town for that purpose. Plaintiff alleges that the Town appropriated $475,000 on April 30, 2004. Plaintiff speculates that the Town appropriated such money with the intention and for the purpose to immediately disburse such money to the plaintiff as payment for additional services allegedly performed on the Project. Plaintiff speculates further that the Town, after appropriating such money, decided not to pay plaintiff in retaliation for the filing of this lawsuit, a copy of which was received by the Town on or about May 10, 2004.

    1.    <u>Plaintiff Violated Local Rule 7.1(2).</u>

Local Rule 7.1(2) requires that counsel confer in an attempt to narrow the issues of a motion. Plaintiff's counsel failed to do so. "Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." <u>In re: Jarvis</u>, 53 F.3d 416, 422 (1st Cir. 1995). Plaintiff's disregard of Rule 7.1(2) requires the denial of his Motion for Leave to Amend. Notwithstanding this reason for denial, the Town asserts that plaintiff's motion should be rejected because amending the Complaint would be futile.

    2.    <u>Plaintiff's Amendment Would be Futile.</u>

Once a defendant's answer is served, a complaint may be amended only by leave of court. <u>See</u> Fed.R.Civ.P. 15(a). While leave of court "shall be freely given when justice so requires," a motion to amend should be rejected if the court "believes that, as a matter of law, amendment would be futile." <u>Bruker Instruments, Inc.</u> v. <u>Bay State Moving Systems, Inc.</u>, 15 F.Supp.2d 156, 158 (D. Mass. 1998). An amendment is deemed futile when the complaint, as amended, would fail to state a claim upon which relief can be granted. <u>Glassman</u> v. <u>Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996); <u>Vargas</u> v. <u>McNamara</u>, 608 F.2d 15, 18 (1st Cir.1979); <u>Hayden</u> v. <u>Grayson</u>, 134 F.3d 449, 455-456 (1st Cir. 1998). Under this standard,

then, plaintiff's motion must be rejected if, accepting all factual averments in the proposed Amended Complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff can prove no facts in support of his retaliation claim that entitles it to relief.  Petricca v. City of Gardner, 194 F.Supp.2d. 1, 4 (D. Mass. 2002) (setting forth the identical standard used for motions on the pleadings and motions to dismiss).

"It is beyond dispute that the right of access to the courts is a fundamental right protected by Constitution."  Heinrich v. Sweet, 62 F.Supp.2d. 282, 315 (D. Mass. 1999).  "It springs in part from the due process clause, . . . the privileges and immunities clause, . . . and the First Amendment."  Orpallo v. Ackerman, 856 F.Supp. 35, 38 (D. N.H. 1994); Heinrich, 62 F.Supp.2d. at 315.  Access-to-courts claims fall into two categories:

> In the first are claims that systemic official action frustrates a plaintiff . . . in preparing and filing suits at the present time. . . .  The second category covers claims . . . of specific cases that cannot be tried (or tried with all material evidence), no matter what official action may be in the future.

Christopher v. Harbury, 536 U.S. 403, 412-413 (2002).

In terms of due process, a plaintiff's right of access is not violated unless it can show that the alleged retaliatory act has resulted in the "dismissal of the suit or some other concrete legal injury to plaintiff. . . .  The Supreme Court has noted that where government action results in 'only delay' and not in 'total deprivation' of access to the courts, no due process violation is shown."  Heinrich, 62 F.Supp.2d. at 315.  "The focus of any right of access analysis, then, is whether the defendant's actions denied the plaintiff adequate, effective, and meaningful access to the courts."  Id.

The plaintiff has not been denied adequate, effective, and meaningful access to the courts, nor has plaintiff alleged any such deprivation.  Indeed, that the plaintiff has filed the instant action is evidence enough that it has not been denied access to the courts.  As the Heinrich

analysis makes clear, the plaintiff must show a causal relationship between the exercise of its right of access and the alleged retaliatory act. In a similar context, the test of whether such a causal relationship exists has been described "as a 'but for' test." Vickowski v. Hukowicz, 201 F.Supp.2d. 195, 210 (D. Mass. 2002). A plaintiff cannot satisfy its burden under such a test merely by relying on the temporal proximity between the alleged constitutionally protected act and the alleged retaliatory act. Id.

In this case, plaintiff cannot prove a causal relationship between the filing of its lawsuit and the alleged retaliatory act by the Town. By definition, an act can be "retaliatory" only when it is committed in response to the antecedent exercise of a constitutionally protected right. See, e.g., Guglielmo v. Cunningham, 811 F.Supp. 31, 36-37 (D. N.H. 1993) (plaintiff prisoner alleged plausible chronology of events in support of his retaliation claim when he showed that the retaliatory act occurred subsequent to the filing of plaintiff's civil actions). Here, the alleged retaliatory act is the Town's decision not to pay plaintiff for additional services allegedly performed on the Project. However, the Town's decision not to honor plaintiff's demands for payment preceded the filing of this lawsuit. Therefore, plaintiff cannot prove that, but for the filing of this lawsuit, the Town would have made payment to plaintiff for additional work allegedly performed on the Project.[1]

Moreover, plaintiff's motion must be denied because the proposed retaliation claim is not separate and distinct from the claims contained in the initial Complaint. "[T]he point of recognizing an access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher, 536 U.S. at 403. A claim alleging the violation of a right of access to the courts "must identify a remedy that may be awarded as

---

[1] It should be noted that the Town has disputed and continues to dispute plaintiff's entitlement to payment for additional work in the amount claimed by plaintiff.

4

recompense but not otherwise available in some suit that may yet be brought." Id. at 404.  In Christopher, the plaintiff alleged that she was foreclosed from seeking legal redress because of her reliance on misleading statements knowingly made by the government.  In affirming the lower court's dismissal of this claim, the Court reasoned:

> [Plaintiff] has not explained . . . that she can get any relief on the access claim that she cannot obtain on her other [pending] tort claims.  And it is just because the access claim cannot address any injury [Plaintiff] has suffered in a way the presently surviving . . . claims cannot that [Plaintiff] is not entitled to maintain the access claim. . . .

Christopher, 536 U.S. at 422.

Here, the alleged retaliatory act that is the basis of plaintiff's right-of-access claim—the Town's failure to pay for additional services—is the very same act that is the basis of the breach-of-contract claim contained in Count I of the Complaint.  Plaintiff's argument is akin to a terminated employee seeking to amend a wrongful discharge complaint to add a retaliation claim based on the employer's continued refusal to rehire the employee after the filing of the initial complaint.  Expressed another way, plaintiff's claims are as follows: "The Town is being sued because it failed to pay the plaintiff, and the Town failed to pay the plaintiff because the plaintiff sued the Town."  Seen in this way, plaintiff is merely bootstrapping its retaliation claim on the existing claims in the Complaint.  In any event, plaintiff can obtain no remedy for its retaliation claim that it cannot otherwise obtain in this litigation absent such claim.  "There is . . . no point in spending time and money to establish facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." Christopher, 536 U.S. at 415.

5

For the preceding reasons, the plaintiff can prove no facts in support of his retaliation claim that entitles it to relief. As such, amending the complaint would be futile. Therefore, plaintiff's Motion for Leave to Amend must be denied.

DEFENDANTS TOWN OF SUNDERLAND,
SARA COOPER, AND DANA KENNAN,

By their attorneys,

/s/ Jonathan M. Silverstein
Jonathan M. Silverstein (BBO# 630431)
Thomas W. McEnaney (BBO# 629130)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

228130/SUND/0012