UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11073 MLW

| | |
|---|---|
| D.F. PRAY, INC.,<br><br>      Plaintiff<br><br>v.<br><br>TOWN OF SUNDERLAND, THE H.L.<br>TURNER GROUP, INC., SARA COOPER,<br>and DANA KENNAN,<br><br>      Defendant | MEMORANDUM IN SUPPORT OF THE<br>MUNICIPAL DEFENDANTS' MOTION<br>FOR JUDGMENT ON THE PLEADINGS |

Now come defendants, Town of Sunderland, Sara Cooper and Dana Kennan ("Municipal Defendants"), and hereby submit this Memorandum in support of their Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c).

## INTRODUCTION

This case arises out of a contract dispute between plaintiff D.F. Pray, Inc., a general contractor, and the Town of Sunderland, relative to the Sunderland Elementary School Emergency Work Project ("Project"). In dispute is the scope and quality of plaintiff's work on the Project and the amount of final payment to which the plaintiff is entitled. However, rather than proceeding to mediation regarding these issues, as mandated under the contract between the parties, the plaintiff initiated the instant action, by filing a "kitchen sink" Complaint, comprised of fifteen separate counts, ranging from breach of contract, to RICO and civil rights violations.[1]

---

[1] In case the original Complaint was not sufficiently broad in scope, the plaintiff sought leave to amend the complaint to add a First Amendment retaliation claim. This request was denied without prejudice, based upon the plaintiff's failure to comply with Local Rule 7.1. The plaintiff, apparently, has chosen not to renew its motion to amend.

The Municipal Defendants now seek judgment on the pleadings dismissing plaintiff's Complaint in its entirety.  As grounds therefor, the defendants state that the plaintiff has failed to state a viable federal claim, and that judgment on the pleadings, with prejudice, should enter on Counts XI (RICO), XII (42 U.S.C. §1983), and XIII ("Violation of Equal Protection").  Based upon plaintiff's failure to state a viable federal claim sufficient to trigger this Court's pendent jurisdiction over the plaintiff's various state-law claims, the Municipal Defendants also request that judgment on the pleadings enter dismissing those claims as well.[2]

ARGUMENT

A.      The plaintiff has failed to state a cognizable RICO claim.

Despite the clear fact that this is a straight-forward contract dispute, the plaintiff has injected a wholly meritless claim (Count XI) that the Municipal Defendants violated the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. §1961 *et seq*.  The Municipal Defendants are entitled to judgment on the pleadings dismissing this spurious claim. In addition, the Municipal Defendants should be awarded their costs and attorney fees in having to file the instant motion, since the plaintiff clearly lacked any good-faith basis to assert this claim.

"To state a RICO claim, Plaintiff must allege that: (1) the defendant is involved in an enterprise; (2) engaged in a pattern; (3) of racketeering activity; (4) that injures the plaintiff." Eagle Investment Systems Corporation v. Tamm, 146 F.Supp.2d 105, 108 (D.Mass. 2001); see 18 U.S.C.A. § 1962(c).  The plaintiff's Complaint fails to allege facts sufficient to establish conduct that would amount to a pattern" of "racketeering activity."

---

[2] In addition, the defendants note that they have numerous substantive defenses to the plaintiff's state-law claims. The defendants reserve their rights to raise these and other defenses in the future, if necessary.

The Municipal Defendants now seek judgment on the pleadings dismissing plaintiff's Complaint in its entirety. As grounds therefor, the defendants state that the plaintiff has failed to state a viable federal claim, and that judgment on the pleadings, with prejudice, should enter on Counts XI (RICO), XII (42 U.S.C. §1983), and XIII ("Violation of Equal Protection"). Based upon plaintiff's failure to state a viable federal claim sufficient to trigger this Court's pendent jurisdiction over the plaintiff's various state-law claims, the Municipal Defendants also request that judgment on the pleadings enter dismissing those claims as well.[2]

ARGUMENT

A.      The plaintiff has failed to state a cognizable RICO claim.

Despite the clear fact that this is a straight-forward contract dispute, the plaintiff has injected a wholly meritless claim (Count XI) that the Municipal Defendants violated the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. §1961 *et seq.* The Municipal Defendants are entitled to judgment on the pleadings dismissing this spurious claim. In addition, the Municipal Defendants should be awarded their costs and attorney fees in having to file the instant motion, since the plaintiff clearly lacked any good-faith basis to assert this claim.

"To state a RICO claim, Plaintiff must allege that: (1) the defendant is involved in an enterprise; (2) engaged in a pattern; (3) of racketeering activity; (4) that injures the plaintiff." Eagle Investment Systems Corporation v. Tamm, 146 F.Supp.2d 105, 108 (D.Mass. 2001); see 18 U.S.C.A. § 1962(c). The plaintiff's Complaint fails to allege facts sufficient to establish conduct that would amount to a pattern" of "racketeering activity."

---

[2] In addition, the defendants note that they have numerous substantive defenses to the plaintiff's state-law claims. The defendants reserve their rights to raise these and other defenses in the future, if necessary.

"Racketeering activity is defined as any act or threat involving specified state law crimes or any act which is indictable under specified federal statutes." System Management, Inc. v. Loiselle, 138 F.Supp.2d 78, 90 (D. Mass. 2001); see also 18 U.S.C.A. § 1961(1) and (5). Racketeering includes various federal and state crimes such as murder, kidnapping, robbery, bribery and extortion. 18 U.S.C.A. §1961(1). Racketeering, however, does not include breach of contract, misrepresentation or any civil claims, as it only pertains to criminal conduct. Id.; see also System Management, 138 F.Supp.2d at 90. "To prove a pattern of racketeering activity, the predicate acts must be related and constitute or pose a threat of continued criminal activity." Id. at 91. Similar to the requirements for pleading a claim of civil conspiracy, "a greater level of specificity is required in RICO cases." In re Pharmaceutical Industry Average Wholesale Price Litigation, 263 F.Supp.2d 172, 178 (2003).

In paragraph 62 of Count XI, the plaintiff makes a single, conclusory allegation in support of its claim: "Sunderland, Cooper, Kennan and Turner conducted an ongoing enterprise to defraud Pray, including through interstate commerce and the use of the U.S. mails, and such acts constitute a pattern an practice of racketeering activity." This allegation fails to specify the "enterprise" in which the defendants are involved, fails to allege, with any specificity, a pattern of activity, and fails to specify any alleged criminal act(s) that would constitute "racketeering activity." At most, the plaintiff alleges a single instance in which a contract was breached; this is clearly insufficient to amount to a pattern of racketeering activity.

The plaintiff clearly had no good faith basis to assert RICO claims against the defendants, since there is not even a hint of alleged criminal activity attributed to the Municipal Defendants. This violation of Rule 11 is particularly egregious as to the individual Municipal Defendants—public servants, whom the plaintiff has effectively and without basis accused of a pattern of

3

criminal activity. Accordingly, Count XI should be dismissed, and the Municipal Defendants should be awarded their costs and attorney fees in being forced to file the instant motion.

B.    The plaintiff has failed to state a viable due process claim.

In Count XII, the plaintiff contends that the Municipal Defendants deprived it of a property interest without due process. Specifically, plaintiff contends that it was deprived "of monies and the benefits of its Contract." See Complaint, ¶65. However, it is well established that a plaintiff cannot maintain a due process cause of action if it has an adequate state law remedy. Lujan v. G&G Fire Sprinklers, Inc., 532 U.S. 189, 195-197 (2001).

In Lujan, a subcontractor alleged that the State of California had deprived it of property without due process by withholding payment pursuant to provisions of the state labor code. The Supreme Court rejected this claim, concluding that the subcontractor was not deprived of property without due process because "California law affords [the subcontractor] sufficient opportunity to pursue that claim in state court. . . ." Id. at 195. The Court noted that the subcontractor's interest in payment "can be fully protected by an ordinary breach-of-contract suit." Id. at 196. Thus, the Court held that "if California makes ordinary judicial process available to [the subcontractor] for resolving its contractual dispute, that process is due process." Id. at 197.

Similarly, the plaintiff in this case has not been deprived of any property interest without due process. Like the subcontractor in Lujan, the plaintiff "can be fully protected by an ordinary breach-of-contract suit." Id. Indeed, the plaintiff has asserted a breach of contract claim in Count I of the Complaint. Thus, the plaintiff has, and is pursuing, an adequate state-law remedy.[3] Accordingly, Count XII must be dismissed.

---

[3] In addition, the plaintiff has failed to avail itself of the procedures established by the contract, under which it claims payment. Pursuant to Article 4.5.1 of that contract, the plaintiff was required to proceed to mediation of

4

C.      The plaintiff has failed to state a viable equal protection claim.

In Count XIII, the plaintiff alleges that the Municipal Defendants violated its equal protection rights under the Fourteenth Amendment and/or Article X of the Massachusetts Declaration of Rights.[4]  This count should be dismissed because it fails to plead the requisite elements of an equal protection claim.

In paragraph 70 of Count XIII, the plaintiff makes the following allegation: "[t]he acts of Sunderland, Cooper, Kennan and Turner, were done in bad faith and with malicious intent to injury [sic] Pray and deprive Pray of its property and liberty interests, and constitute a gross abuse of government power directed to Pray in contracts to others similarly situated."  Based upon this bald allegation, the plaintiff concludes, in ¶71, that "[s]aid acts deprived Pray of its right to equal protection of the law."

In order to state an equal protection claim, a plaintiff must allege that, "compared with others similarly situated, it was selectively treated . . . based on impermissible considerations, such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg. Finance Corp., 246 F.3d 1, 7 (1st Cir. 2001).[5]  Even in so-called "class of one cases," the plaintiff must allege facts that would establish its disparate treatment from others

---

its claim prior to filing suit.  A certified copy of the contract is attached hereto as Exhibit 1.  Inclusion of this document, which is expressly referenced in and linked to the Complaint, is appropriate in a motion under Rule 12(c).  See Bedall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).  The plaintiff itself violated this procedure by filing suit prior to engaging in mediation.

[4] Perplexingly, the plaintiff does not assert its equal protection claim under 42 U.S.C. §1983, as it did its due process claim.  However, since §1983 provides the only procedural vehicle by which to assert a such a claim in this instance, the defendants presume that the plaintiff intended this claim to be brought under the statute.

[5] The defendants note that the equal protection rights guaranteed by Article X of the Massachusetts Declaration of Rights are coextensive with those guaranteed by the Fifth and Fourteenth Amendments.  Massachusetts Federation of Teachers, AFT, AFL-CIO v. Board of Educ., 436 Mass. 763, 777 (2002).  Thus, equal protection claims brought under the Massachusetts Constitution are subject to the same analysis as those brought under the federal Constitution.  See School Comm. of Hatfield v. Board of Educ., 372 Mass. 513, 514 n. 2 (1977).

similarly situated, without any rational basis for such treatment. Kittery Motorcycle, Inc. v.

Rowe, 320 F.3d 42, 47 (1ˢᵗ Cir.2003) (quoting Hodel v. Indiana, 452 U.S. 314, 331, 101 S.Ct.

2376 (1981) ("[s]ocial and economic legislation ... that does not employ suspect classifications or

impinge on fundamental rights must be upheld ... when the legislative means are rationally

related to a legitimate government purpose").

     While an equal protection claim is no longer subject to a heightened pleading

requirement, courts should "eschew any reliance on bald assertions, unsupportable conclusion,

and opprobrious epithets." Educadores Peurtorriquenos en Accion v. Hernandez, 367 F.3d 61,

68 (2004) (citations omitted). Here, the plaintiff has failed even to plead the elements of a viable

equal protection claim because: (1) it has not identified disparate treatment from others similarly

situated; and (2) it has failed to allege that it was selectively treated based on impermissible

considerations or without any rational basis. As a result, Count XIII must be dismissed.

     D.    All pendent state-law claims should be dismissed.

     For the reasons set forth above, the plaintiff's Complaint utterly fails to state a cognizable

federal claim sufficient to vest this Court with pendent jurisdiction over the remaining state

claims. Accordingly, the defendants respectfully submit that this Court should decline to

exercise supplemental jurisdiction over such state-law claims. See O'Conner v. Commonwealth

Gas Co., 251 F.3d 262, 272-73 (1ˢᵗ Cir. 2001) ("Courts generally decline to exercise

supplemental jurisdiction over state claims if the federal predicate is dismissed early in the

litigation"); Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1ˢᵗ Cir. 1998) ("the balance of competing

factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims

where the foundational federal claims have been dismissed at an early stage in the litigation").

The defendants submit that dismissal of the state-law claims, rather than remand to the state court, is appropriate, since the plaintiff should not have filed <u>any</u> litigation prior to proceeding to mediation in accordance with Article 4.5.1 of the contract between the parties.

CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that judgment on the pleadings enter in their favor dismissing the plaintiff's Complaint.

> TOWN OF SUNDERLAND,
> SARA COOPER and DANA
> KENNAN,
> By their attorneys,
>
>
> Jonathan M. Silverstein (BBO# 630431)
> Thomas W. McEnaney (BBO# 629130)
> Kopelman and Paige, P.C.
>    Town Counsel
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

236432/SUND/0012

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on _____

7