UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.F. PRAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER, DANA KENNAN, <br><br> Defendants. | C.A. No. 04-CV-11073-MLW |

### PLAINTIFF'S, D.F. PRAY, INC.'S, MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COMES THE PLAINTIFF, D.F. Pray, Inc. (hereinafter "Pray") and hereby moves this Honorable Court for leave to Amend its Complaint it has filed against Defendants, Town of Sunderland, Sara Cooper and Dana Kennan (collectively referred to as "Sunderland") and The H.L. Turner Group Inc., (hereinafter "Turner").

1. On May 5, 2004, Pray filed this cause of action against Defendants.

2. On May 24, 2004, the Defendants, pursuant to the provisions of 28 U.S.C. §§1441, 1446 filed notice of removal of this cause of action to the United States District Court, District of Massachusetts.

3. On June 1, 2004, Sunderland filed their answer and counterclaim.

4. On June 11, 2004, Turner filed its answer and jury demand.

5. On June 21, 2004, Pray filed its reply to Defendants', Sunderland, counterclaim.

6. On August 3, 2004, Pray submitted a Request for Production of Documents and a Request for Interrogatories to Sunderland and Turner. Sunderland and Turner have provided documentation.

7. On November 19, 2004, Sunderland filed a Motion for Judgment on the Pleadings.

8. Pray had noticed the depositions of Sunderland and Turner for the 6th and 14th of January 2005 when it received Sunderland's Motion for Judgment on the Pleadings as to Count XI, Count XII and Count XIII of the original Complaint.

9.  Notwithstanding the fact that Pray's well-pled allegations set forth valid causes action under Count XI, XII, and XIII, of the original complaint, and, as such, the court should deny Sunderland's motion, Pray has filed contemporaneously with its opposition this Motion for Leave to Amend the Complaint and Amended Complaint.

The motion should be granted because:

(i.) Pray seeks to assert additional factual allegations in support of all claims set forth in its original Complaint and which were developed from documents produced by Sunderland and Turner in response to Pray's requests for production which corroborate the scheme and artifice to defraud Pray;

(ii.) No undue delay will result, as the parties are in the initial phase of discovery;

(iii.) no undue prejudice will result as Pray seeks to assert additional factual allegations; and,

(iv.) Pray is not seeking to amend in bad faith as the additional facts as well as the very nature of the scheme were revealed during the course of document discovery and Pray's complaint is now subject to a Motion for Judgment on the Pleadings by Sunderland.

WHEREFORE, for these reasons and for the additional reasons set forth in Pray's supporting memorandum, the Court should grant this Motion for Leave to Amend the Complaint. A copy of the proposed Amended Complaint is attached hereto as Appendix 1.

Respectfully submitted,
D.F.PRAY, INC.
By its attorneys,

Edward F. Vena, BBO No. 508660
Sabatino F. Leo, BBO No. 642302
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA 02210
(617) 951-2400

Date: 23 DECEMBER 2004

## CERTIFICATE OF SERVICE

I, Sabatino F. Leo, hereby certify that on this 23RD day of December 2004, I served a copy of the enclosed document via first class mail, postage prepaid to all counsel of record.

_____
Sabatino F. Leo