UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN -5 P 2:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

D.F. PRAY, INC.,

Plaintiff,

v.

TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER, AND DANA KENNAN,

Defendants.

CIVIL ACTION NO.: 04-CV-11073MLW

**OPPOSITION OF THE DEFENDANT, THE H.L. TURNER GROUP, INC. TO THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**INTRODUCTION**

This case involves a claim by a general contractor, D.F. Pray, Inc. ("the Contractor"), who claims to be owed money from the Town of Sunderland ("the Town"), for work done on the construction of the Sunderland Elementary School ("the Project"). The Contractor has turned a run-of-the mill dispute over balance owed into a contrived multi-count "federal case" that fails to withstand scrutiny. The Contractor filed a lawsuit naming the Town and The H.L. Turner Group, Inc. ("the Architect") as defendants. The Contractor has now filed a Motion for Leave to Amend Complaint ("Motion to Amend"). The motion should be denied because 1) the Contractor has failed to comply with Local Rule 7.1(A)(2); 2) the Contractor's amendment would be futile; and 3) the Contractor's amendment is untimely.

**ARGUMENT**

The Contractor moves to amend the complaint to add additional facts, claiming that additional facts learned through discovery justify its motion. No such "additional" facts were learned. The Contractor always had the facts, and the new facts add nothing to the Contractor's claim.

In its proposed additional facts, the Contractor contends that the Architect, on behalf of the Town, issued a Construction Change Directive ("CCD") No. 29 identifying additional work not to exceed $3,953,858.00." **(See Contractor's Memorandum in Support of Motion to Amend Complaint, at p. 5, n.4.)** The Contractor also states that "[d]espite the fact that Sunderland's architect acknowledged that the cost

of construction had risen to $3,953,858.00 (see Exhibit E and Exhibit F to the Amended Complaint) Sunderland is now forcing Pray to have to fight for its money by asserting frivolous backcharges." **(See Contractor's Memorandum in Support of Motion to Amend Complaint, at p. 7.)** In both its Motion to Amend and proposed Amended Complaint, the Contractor makes reference to several documents in support of its claim that it has been wrongfully denied payment for construction work, including a September 16, 2003 letter from Turner to the Contractor **(Ex. 1)**, a September 19, 2003 letter from the Town's Accountant to the Contractor **(Ex. 2)**, and a September 19, 2003 Construction Change Directive (CCD No. 29), issued by the Architect **(Ex. 3)**. Throughout the Contractor's Motion to Amend and Proposed Amended Complaint, the Contractor has mischaracterized these documents as constituting guarantee of payment to the Contractor, and has attempted to utilize them as the basis for all of its claims against the Architect and the other defendants. While each of these documents might describe the available funds for the Project, none guarantee payment to the Contractor. The September 16, 2003 letter from the Architect to the Contractor reads as follows:

> Dear Mr. Laprise,
>
> Please find attached copies of the Architect's latest spreadsheets of accounting for the construction GMP and proposed changes. The highest sum total, including all funds that DF Pray has asserted that are due, is $3,953,858. This amount is well within the Owner's currently available project funds of $4,308,143. The Owner will pay other project expenses from a combination of the above funds, other Town funds and School District funds.
>
> Please proceed with the remaining project work, including additional work, **and provide all the required supporting documentation for our review as soon as possible.**
>
> Sincerely,
>
> Loren M. Belida, AIA
> Senior Vice President Architecture
> CC: Dana Kennan
> Attachments
>
> **(See Ex. 1)**

The September 19, 2003, Construction Change Directive (CCD) No. 29 reads as follows:

> You are hereby directed to make the following changes to this Contract:
> Per Architect's Project Accounting Spreadsheet dated 9/17/03, 2 pages, and as discussed with Owner, Architect and CM 9/13/03...
>
> All items identified in italics and with shading as work that has been performed, is being performed, or is likely to be performed as additional work...

> Sum total of GMP scope and all additional work not to exceed $3,953,858 **and time for substantial completion of the project to be on or before October 13, 2003...**
>
> **Pending CM submittal of documentation, Architect review for confirmation and scope, value, and duration of work and Owner approval of the proposed reconciliation.**
>
> **(See Ex. 3)**

The September 19, 2003 letter from the Town Accountant to the Contractor reads as follows:

> Dear Mr. Pray:
>
> After review of the architect's latest spreadsheets of accounting for the construction of GMP, proposed changes indicate that the highest sum total of construction costs, including all funds that DF Pray has asserted that they are due, and pending the Architect's confirmation of justification of additional work and costs, is $3,953,858. The amount is well within the Owner's currently available project funds of $4,269,000. The owner will disburse other project expenses from a combination of the above funds, other Town funds and School district funds.
>
> Please proceed with the remaining project work, including additional work, **and provide all required supporting documentation for our review and confirmation of actual values of all work as soon as possible.**
>
> Sincerely,
>
> Sara Cooper<br>Town Accountant
>
> Cc: Loren Belida, The H.L. Turner Group<br>Board of Selectmen
>
> **(See Ex. 2)**

The highlighted language makes clear that none of these documents guaranteed any payment to Pray.

The Contractor's argument that "the representation of currently available project funds of $4,308,143.00 was an intentional and deliberate lie", is both untrue, and irrelevant, as no one has denied the Contractor payment due to the lack of available project funds. The Contractor was not paid what it requested because the Town's position is that the work was not completed in conformance with the contractual requirements. The Contractor has misrepresented what the documents upon which its claims rest state. The Contractor is now attempting to use this mischaracterization as the basis for its claims against the Architect. For these, as well as the reasons articulated below, this Court should deny the Contractor's Motion to Amend the Complaint.

1. The Contractor's Motion Should Be Denied Because Plaintiff Violated Local Rule 7.1(A)(2)

Local Rule 7.1(A)(2) requires that counsel confer in an attempt to narrow the issues of a motion. The Contractor's counsel failed to do so. **(See Local Rule 7.1(A)(2) Certificate of Compliance, attached as Ex 4.)** "Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." *In re: Jarvis*, 53 F.3d 416, 422 (1st Cir. 1995). The Contractor's disregard of Rule 7.1(A)(2) requires the denial of its Motion for Leave to Amend. Notwithstanding this reason for denial, Turner asserts that the Contractor's motion should be rejected because amending the Complaint would be futile.

2. Plaintiff's Amendment Would be Futile.

Once a defendant's answer is served, a complaint may be amended only by leave of court. See Fed.R.Civ.P. 15(a). While leave of court "shall be freely given when justice so requires," a motion to amend should be rejected if the court "believes that, as a matter of law, amendment would be futile." *Bruker Instruments, Inc. v. Bay State Moving Systems, Inc.*, 15 F.Supp.2d 156, 158 (D. Mass. 1998). An amendment is deemed futile when the complaint, as amended, would fail to state a claim upon which relief can be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Vargas v. McNamara*, 608 F.2d 15, 18 (1st Cir. 1979); *Hayden v. Grayson,* 134 F.3d 449, 455-456 (1st Cir. 1998). Under this standard then, the plaintiff's motion must be rejected if, accepting all factual averments in the proposed Amended Complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff can prove no facts in support of his retaliation claim that entitles it to relief. *Petricca v. City of Gardner*, 194 F.Supp.2d. 1, 4 (D. Mass. 2002) (setting forth the identical standard used for motions on the pleadings and motions to dismiss).

The basis for the Contractor's motion to amend is ts proposed additional facts, where the Contractor contends that the Architect, on behalf of the Town, issued a Construction Change Directive ("CCD") No. 29 identifying additional work not to exceed $3,953,858.00." **(See Contractor's Memorandum in Support of Motion to Amend Complaint, at p. 5, n.4.)** The Contractor also states that "[d]espite the fact that Sunderland's architect acknowledged that the cost of construction had risen to $3,953,858.00 (see Exhibit E and Exhibit F to the Amended Complaint) Sunderland is now forcing Pray to have to fight for its money by asserting frivolous backcharges." **(See Contractor's Memorandum in Support of Motion to Amend**

**Complaint, at p. 7.)** As noted, the Contractor has misrepresented what the documents upon which its claims rest state. The Contractor is now attempting to use this mischaracterization as the basis for its claims against the Architect. Further, the Contractor's argument that "the representation of currently available project funds of $4,308,143.00 was an intentional and deliberate lie", is both untrue, and irrelevant, as no one has denied the Contractor payment due to the lack of available project funds. The Contractor was not paid what it requested because the Town's position is that the work was not completed in conformance with the contractual requirements. For these reasons, this Court should deny the Contractor's Motion for Leave to Amend the Complaint because any recovery pursuant to the amended complaint would be futile.

3. Plaintiff's Motion Should Be Denied Because of Undue Delay

Undue delay in seeking the amendment may be sufficient basis for denying leave to amend. *Foman v. Davis*, 371 U.S. 178 (1962). The decision whether to grant leave to amend lies within the District Court's discretion. *See Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998). The Contractor is guilty of undue delay in bringing this motion. Said delay is apparent on the face of the papers since the Contractor uses as the basis for the motion the alleged "additional" facts revealed through discovery. The "additional facts" concern the aforementioned CCD No. 29. However, this CCD is not new. It was given to the Contractor during the project and before the Complaint was filed. Given the Contractor's delay, this Court should deny the Contractor's Motion to Amend the Complaint.

## CONCLUSION

The Contractor has failed to comply with Local Rule 7.1(A)(2) in that its counsel never conferred with the Architect's counsel prior to filing its Motion to Amend. Further, for the reasons stated, amending the complaint would be futile. In addition, the Contractor is guilty of undue delay in bringing its Motion for Leave to Amend. Therefore, for these reasons, the Contractor's Motion for Leave to Amend must be denied.

Respectfully submitted,
H.L. TURNER GROUP, INC.
By its attorneys,

David J. Hatem, Esq., PC, BBO #225700
Warren D. Hutchison, Esq., BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

January 5, 2005

**CERTIFICATE OF SERVICE**

I, Warren D. Hutchison, hereby certify that on this 5th day of January 2005, I served the foregoing **Defendant, The H.L. Turner Group, Inc.'s, Opposition to the Plaintiff, D.F. Pray, Inc.'s Motion for Leave to Amend Complaint** by mailing copies thereof, postage prepaid to:

Edward F. Vena, Esquire
Charles A. Plunkett, Esquire
Vena, Riley, Deptula, LLP
250 Summer Street
Boston, MA 02210

Thomas W. McEnaney, Esquire
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116-4102

Warren D. Hutchison

00886738

TURNER GROUP

THE H.L. TURNER GROUP Inc.

27 LOCKE ROAD, CONCORD, NH 03301-5301 TELEPHONE: 603-228-1122 FAX: 603-228-1126

September 16, 2003

Ronald H. Laprise, Vice President
DF Pray General Contractors
25 Anthony Street
Seekonk, MA 02771

RE: Sunderland Elementary School Emergency Work
**Project Accounting**

Dear Mr. Laprise,

Please find attached copies of the Architect's latest spreadsheets of accounting for the construction GMP and proposed changes. The highest sum total, including all funds that DF Pray has asserted that they are due, is $3,953,858. This amount is well within the Owner's currently available project funds of $4,308,143. The Owner will pay other project expenses from a combination of the above funds, other Town funds and School District funds.

Please proceed with the remaining project work, including additional work, and provide all required supporting documentation for our review as soon as possible.

Sincerely,

Loren M. Belida, AIA
Senior Vice President Architecture

CC: Dana Kennan
Attachments

# TOWN ACCOUNTANT

**TOWN OF SUNDERLAND MASSACHUSETTS**
**Town Offices: 12 School Street**
**Sunderland, MA 01375**
**PHONE: (413) 665-1443**
**FAX: (413) 665-1446**

September 19, 2003

Scott Pray, President
D.F. Pray
General Contractors
25 Anthony Street
Seekonk, MA 02771

Dear Mr. Pray:

After review of the architect's latest spreadsheets of accounting for the construction of GMP, proposed changes indicate that the highest sum total of construction costs, including all funds that DF Pray has asserted that they are due, and pending the Architect's confirmation of justification of additional work and costs, is $3,953,858. The amount is well within the Owner's currently available project funds of $4,269,000. The owner will disburse other project expenses from a combination of the above funds, other Town funds and School district funds.

Please proceed with the remaining project work, including additional work, and provide all required supporting documentation for our review and confirmation of actual values of all work as soon as possible.

Sincerely,

Sara Cooper

Sara Cooper
Town Accountant

Cc: Loren Belida, The H.L. Turner Group
Board of Selectmen

DWK/cab

cc TK SB DK

Edit Document | Comment | Design Team Determination

## The H. L. Turner Group Inc.

27 Locke Road
Concord, NH 03301

phone: (603) 228-1122
fax: (603) 228-1126

**Project Phase:** Construction and Bidding

## Electronic Format

| PROJECT: Sunderland Emergency School Reconstruction Sunderland, MA | **Directive No:** | **29** |
|---|---|---|
| OWNER: Town of Sunderland, 12 School Street, Sunderland, MA 01375 | **Date:** | 09/19/2003 |
| | **Architect's Project No:** | 2623 |
| | **Contract for:** | CM |
| | **Contract dated:** | 07/01/2003 |
| TO CONTRACTOR: | **Summary of Changes:** | **Reconcile Accounting** |

**You are hereby directed to make the following change(s) in this Contract:**

Per Architect's Project Accounting spreadsheet dated 9/17/03, 2 pages, and as discussed with Owner, Architect and CM 9/13/03...

All items identified in italics and with shading as work that has been performed, is being performed, or is likely to be performed as additional work...

Sum total of GMP scope and all additional work not to exceed $3,953,858 and time for substantial completion of the entire project to be on or before October 13, 2003....

Pending CM submittal of documentation, Architect review for confirmation of scope, value, and duration of the work and Owner approval of the proposed reconciliation.

**Proposed Adjustments**

1. The proposed basis of adjustment to the Contract Sum or Guaranteed Maximum Price is:
**To be determined** .

2. The Contract Time is proposed to **be determined**.
The proposed adjustment is **not to exceed the amount and time as defined above**.

| When signed by the Owner and Architect and received by the Contractor, this document becomes effective IMMEDIATELY as a Construction Change Directive (CCD), and the Contractor shall proceed with the change(s) described above. | | |
|---|---|---|
| **Architect:** The H. L. Turner Group, Inc. 27 Locke Road Concord, NH 03301 By:____ Date: ____ | **Owner:** Town of Sunderland 12 School Street, Sunderland, MA 01375 By:____ Date: ____ | **Contractor:** By:____ Date: ____ |

S00828

Case 1:04-cv-11073-MLW    Document 32    Filed 01/05/2005    Page 13 of 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS




| | |
|---|---|
| D.F. PRAY, INC.,<br>Plaintiff,<br>v.<br>TOWN OF SUNDERLAND,THE H.L. TURNER GROUP, INC., SARA COOPER, and DANA KENNAN,<br>Defendants. | C.A. No. 04-CV-11073-MLW |

**LOCAL RULE 7.1(A)(2) CERTIFICATE OF COMPLIANCE**

Now comes counsel for the Plaintiff, D.F. Pray, Inc., and hereby certifies that counsel for the Plaintiff conferred with counsel for Defendants, Town of Sunderland, Sara Cooper and Dana Kennan (collectively referred to as "Sunderland"), in an effort, in good faith, to narrow or resolve the issues set forth in the accompanying Motion for Leave to Amend the Complaint.

Respectfully submitted,
D.F. PRAY, INC.
By its attorneys,

Edward P. Vena, BBO No. 508660
Sabatino F. Leo, BBO No. 642302
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA 02210
(617) 951-2400

Date: December 23, 2004