UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11073-MLW

|  |  |
|---|---|
| D.F. PRAY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER and DANA KENNAN, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE LAW FIRM OF VENA, RILEY, DEPTULA, LLP TO ENFORCE ATTORNEY'S LIEN**

**Introduction**

This matter arises out of the Plaintiff's, D.F. Pray, Inc.'s, refusal to pay the reasonable attorneys fees of the law firm of Vena, Riley, Deptula LLP (hereinafter referred to as "VRD LLP") for professional services rendered D.F. Pray, Inc. (hereinafter "Pray") in the pending cause of action from April 8, 2004 up to and including March 2005 in the amount of $18, 283.93[1]. As grounds in support of this motion VRD LLP asserts the following: that the pending cause of action was commenced on behalf of Pray by VRD LLP; that VRD LLP appeared on behalf of Pray in the pending action; that a

---

[1] It is important to note that this amount includes fees incurred as a result of representation in the following matters: Capital Carpet & Flooring Specialist Inc. v. D.F. Pray, Inc. and Centennial Insurance Co., C.A. No. 04-4569 and Capital Carpet and Flooring Specialist, Inc. v. D.F. Pray, Inc., et al. C.A. No. 04-4466. It is counsel's understanding, that at the time of this writing, these matters were encompassed in the settlement of the pending cause of action. Additionally, $139.50 originally set forth in the Notice of Attorney's Lien is for an unrelated matter.

Stipulation of Dismissal was entered; and that the stipulation was filed pursuant to an agreement in which the payment of funds were disbursed to Pray. See <u>Northeastern Avionics, Inc. v. City of Westfield</u>, 63 Mass. App. Ct. 509 (2005).

### Factual Background Relevant to Motion

In and around April 2004, Pray contacted VRD LLP to secure legal counsel[2] regarding an ongoing dispute with the Town of Sunderland for allegedly defrauding Pray out of goods and services valued at one million four hundred eighty eight thousand nine hundred ninety six dollars and forty seven cents ($1,488,996.47). Briefly stated, where a municipality contracts for a construction project, it is required to certify than an appropriation exists to cover the value of the work, including change orders. See Mass. Gen. Laws c. 44 §31C.

Here, Pray entered into a contract in the amount of $3,165,000.00 with the Town of Sunderland for the construction of a project known as Sunderland Elementary Emergency School Work (hereinafter "Project"). As the Project progressed, the scope of the work and the cost increased. In order to be assured that it would be paid for this additional work, Pray, pursuant to Mass. Gen. Laws c. 44 §31C, requested throughout the course of the Project, certification that sufficient appropriations existed to cover the additional work. In response to the requests from Pray, the Town of Sunderland certified in writing that it had funds to pay for the cost of construction. Pray, in reliance thereon, continued to provide services and materials to the Town of Sunderland. Pray substantially completed the Project on November of 2003 and the Town of Sunderland took beneficial use and occupancy of the Project. However, Pray submitted its

---

[2] It is important to note that Pray had been previously represented by the law firm of Holland & Knight, LLC.

requisition for the full amount of the monies owed Pray, the Town of Sunderland refused to pay, as it did not have the funds it originally certified that it had.

VRD LLP, at the instruction of Pray, filed suit in Bristol County Superior Court alleging, inter alia, breach of contract, *quantum meruit*, misrepresentation, negligent misrepresentation, conspiracy, violation of M.G.L. c. 93A, R.I.C.O, violation of 42 U.S.C. 1983 (substantive due process), equal protection, breach of the covenant of good faith and fair dealing, and a violation of M.G.L. c. 12 §11(i). Following the commencement of litigation, the Town of Sunderland refused to mediate the dispute as required under the terms of the contract, asserting that it was "in the untenable position of having to defend a lawsuit prior to the completion of meditation." This, despite the fact that most, if not all, cases are mediated, and the pending matter is stayed.

On May 24, 2004, this cause of action was removed to the United States District Court pursuant to 28 U.S.C. §1446. On August 30, 2004, VRD LLP, on behalf of Pray served document requests and interrogatories upon Defendants, Sunderland and H.L. Turner.[3] Sunderland maintained the position that it need not comply with discovery absent a scheduling order. In fact, it was only by means of service of a Freedom of Information Act (FOIA) request upon Sunderland that Pray was able to retain documents of the Town of Sunderland. Subsequent thereto, VRD LLP and Pray had numerous discussions regarding the status of the pending cause of action as well as discussed case strategy, including the potential filing of a motion to amend complaint and the noticing of depositions. Thereafter, Defendants, Sara Cooper, Dana Kennan, and the Town of Sunderland filed a motion for judgment on the pleadings which VRD LLP filed a brief in

---

[3] It is important to note that at the time VRD LLP engaged in actively pursuing discovery from the Defendants, this Honorable Court had not yet set forth a scheduling order.

opposition.[4]  It was only after VRD LLP had filed it opposition brief that the Defendant, the Town of Sunderland, altered its position on mediation and agreed to now mediate this matter in good faith.[5]  Thereafter, VRD LLP arranged to have the mediation proceed with John J. Spignesi, Esquire, as the mediator.  The Parties set a date for the mediation for April 27, 2005, and agreed to stay the case pending mediation[6].

On March 8, 2005, Pray, without explanation informed VRD LLP that it was being terminated and the file was to be delivered to successor counsel, Joel Lewin, Esquire of Hinckley Allen & Snyder LLP.  Pray has thereafter refused to pay all fees due and owing VRD LLP.

On or about October 11, 2005, VRD LLP was informed by counsel for the Town of Sunderland that the parties had settled and that a stipulation of dismissal had been entered.  Although counsel for the Town of Sunderland would not disclose the terms and conditions of the settlement, a review of the Town of Sunderland's Board of Selectman meeting minutes revealed that the case was settled for $975,000.  The meeting minutes further revealed that the settlement funds had to be secured by borrowing, and by monies to be further appropriated by Special Town Meeting.  Despite the services of VRD LLP having been directly responsible for the settlement, Pray continued to refuse to pay any outstanding fees.  Counsel for Sunderland subsequently filed a motion, pursuant to Fed. R. Civ. P. 67, depositing $18,283.93, the fees owed to VRD LLP, into this Honorable Court's coffers.

---

[4] VRD LLP, on behalf of Pray, filed contemporaneously with its opposition brief a motion to amend complaint, memorandum in support thereof and amended complaint.
[5] Since previously it had withdrawn from mediation due to the fact that it had no funds to mediate with.
[6] It is important to note a Joint Motion to Stay was filed.

VRD LLP now moves this Honorable Court to release the $18,283.93 and issue a check payable to the law firm of Vena, Riley, Deptula LLP for the payment of reasonable attorney's fees in the representation of Pray in the pending action.

### Argument

The attorney's lien statute, G.L. c. 221, § 50, provides "attorneys [with] a statutory right to assert a charging lien securing compensation for their legal services." Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 244, 606 N.E.2d 1336 (1993).[7] The statute provides, in relevant part, as follows:

> "From the authorized commencement of an action, counterclaim or other proceedings in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom."

Northeastern Avionics, Inc. 63 Mass. App. Ct. at 725.

The statute is designed to ensure payment to an attorney if his or her "efforts resulted in a fund available to" the client. Id. Cohen v. Lindsey, 38 Mass. App. Ct. 1, 5, 644 N.E.2d 250 (1995). See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983) (holding that a charging "lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit").

Enforcement of a statutory lien requires an attorney to show that (1) an action was commenced, PGR Mgmt. Co., Heath Properties v. Credle, 427 Mass. 636, 640, 694

---

[7] "Although there is no controlling authority in this Circuit *vis a vis* the enforcement of an attorney's lien as a matter of *federal* law, this court concludes that federal law would not differ in any respect from the law of the Commonwealth of Massachusetts which, in turn, mirrors the law of most jurisdictions." Renaud v. General Motors Corporation, 316 F.Supp.2d 77, 82 (2004).

N.E.2d 1273 (1998); (2) the attorney appeared for the client in that action, Boswell v. Zephyr Lines, Inc., 414 Mass. at 244, 249, 606 N.E.2d 1336; (3) a court entered a judgment, decree, or order in that action, Craft v. Kane, 51 Mass.App.Ct. 648, 651, 747 N.E.2d 748 (2001); (4) the judgment, decree, or order was favorable to the attorney's client, Cohen v. Lindsey, 38 Mass.App.Ct. at 4, 644 N.E.2d 250; and (5) proceeds were derived from that judgment, decree, or order. In re Leading Edge Products, Inc., 121 B.R. 128, 131-132 (Bankr.D.Mass.1990).

For the purposes of Mass. Gen. Laws "judgment" includes a stipulation of dismissal, see Craft v. Kane, 51 Mass.App.Ct. at 652-653, 747 N.E.2d 748, and "proceeds" encompass monetary settlements. See Id.  A lien may, therefore, attach to proceeds derived from a stipulation of dismissal filed pursuant to an agreement to settle a claim in return for the payment of money. See Id. at 653, 747 N.E.2d 748. Although the stipulation of dismissal is not itself a proceeds-producing order, when the stipulation is filed pursuant to an agreement that yields payment of money, that money is "proceeds" to which G.L. c. 221, § 50, applies.

Here, without question, VRD LLP is entitled to release of the funds and enforcement of its Attorney's Lien.  First, VRD LLP a commenced the pending cause of action on behalf of Pray.  After engaging in voluminous discovery, the Defendant, Town of Sunderland, expressed a willingness to enter into good faith mediation whereas previously it had refused to mediate, so long as the current action was pending. Subsequently, after VRD LLP had engaged the mediator, discussed the matter with the mediator, a mediation date was set, and began to prepare for mediation, Pray chose to seek successor counsel.  Thereafter, as a direct result of the services of VRD LLP, the

matter was settled for $975,000 and a stipulation of dismissal was entered. As indicated above, VRD LLP is clearly entitled to the enforcement of the attorney's lien and payment of $18,283.93. See <u>Northeastern Avionics, Inc. v. City of Westfield</u>, 63 Mass. App. Ct. 509 (2005).

## Conclusion

WHEREFORE, VRD LLP respectfully requests that this Honorable Court enforce the attorney's lien and release payment of the $18,283.93 to the Law firm of Vena, Riley, Deptula, LLP.

Respectfully submitted,

//s// Sabatino F. Leo
Edward F. Vena, BBO No. 508660
Sabatino F. Leo, BBO No. 642302
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA  02210
Dated:  November 30, 2005            (617) 951-2400

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies that they have attempted to confer with counsel for Defendants in good faith to resolve or narrow the issues.

Respectfully submitted,

//s// Sabatino F. Leo
Edward F. Vena (BBO# 508660)
Sabatino F. Leo (BBO# 642302)
Vena Riley Deptula LLP
250 Summer Street, 2nd Floor
Boston, MA 02210
Dated: December 1, 2005            (617) 951-2400

7

Case 1:04-cv-11073-MLW    Document 46-2    Filed 12/01/2005    Page 8 of 8