UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.F. PRAY, INC. ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 04-11073-MLW |
| ) | |
| ) | |
| TOWN OF SUNDERLAND, ) | |
| THE H.L. TURNER GROUP, INC. ) | |
| SARA COOPER and DANA KENNAN, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF SCOTT PRAY

I, Scott Pray, on oath, depose and state as follows.

1.      I am president of D.F. Pray, Inc. ("Pray"). I am authorized to make and am making this affidavit on behalf of Pray in support of its Opposition To Motion Of The Law Firm Vena, Riley Deptula LLP To Enforce Attorney's Lien (the "Motion"). The information contained in this affidavit is based upon my personal knowledge, business records of Pray, and conversations with officers, agents, servants or employees of Pray.

2.      Pray is a general contractor which performs public and private construction work.

3.      In or around July 2003, Pray was awarded a contract with the Town of Sunderland (the "Town") to perform emergency work on the Sunderland Elementary School (the "School"). The Project included the repair, replacement and reconstruction of a significant portion of the School (the "Project").

1

4. Pray agreed to perform the work on the Project for a guaranteed maximum price for $3,165,000. The Town proposed a very aggressive construction schedule to limit the impact to students.

5. During the course of construction Pray incurred additional costs in the amount of $1,351,744.59 related to extra work, extended overhead, and materials as a direct result of the Town's delays, changes, additions and alterations to Pray's work. Notwithstanding the significant additional work, Pray substantially completed its work on the Project by November 2003. Nevertheless, the Town disputed Pray's entitlement to these additional costs and refused to pay.

6. The relationship between Pray and the Town deteriorated forcing Pray to demand mediation in an attempt to recover its costs.

7. The Town ignored Pray's demand and refused to comply with the terms of the contract. Frustrated by the Town's failure to comply with the mandatory mediation provision, Pray, based on a referral, contacted Edward Vena ("Vena") of the law offices of Vena Riley Deptula ("VRD") to discuss potential representation of Pray. During its meeting with Vena, Pray expressed its disappointment with the Town's utter lack of cooperation and emphasized its goal of enforcing the mediation provision cost-effectively.

8. In response, Vena represented that he had the skill, knowledge and expertise to represent Pray, that he had represented and continues to represent contractors against municipalities and local agencies in state and federal court, and that he had been and believed that Pray would be successful in suing members of the town personally.

2

Vena proposed a strategy which involved various theories to sue the Town, the architect, and two Town members. Vena insisted that such a strategy would achieve Pray's goals.

9.      Impressed by Vena's strategic plan and his representations of success, Pray retained Vena on the express condition that he be personally involved in all aspects of this action and that he perform substantially all of the work necessary to accomplish Pray's goal. Pray provided Vena a $10,000 retainer.

10.     On or about May 3, 2004, Vena, on behalf of Pray, filed a complaint which included claims against, among other, the architect and two Town members for misrepresentation, conspiracy, RICO, violation of 42 U.S.C. 1983, violation of equal protection, and violation of M.G.L.c. 12 § 11 (the "Complaint"). A copy of the Complaint is attached as Exhibit A.

11.     After service of the Complaint all of the parties filed various motions. Rather than resolving Pray's entitlement to additional compensation under its contract with the Town, the Complaint filed by Vena's office forced Pray to incur substantial expenses to fight a protracted ten month legal procedural battle to maintain claims which I now realize had very little merit.

12.     Pray paid Vena in excess of $20,000 to resolve a procedural "mess" he created.

13.     After the initial filing, Vena's direct involvement in the case significantly decreased. At least four associates, most of whom Pray had no contact with, appeared to be performing all of the work.

14.     Eventually Vena completely ignored us and communicated only through an associate.

3

15.     The case appeared to falter from lack of direction, strategy and leadership and I became disappointed with Vena's utter failure to communicate.

16.     In late December, after finally discussing the merits of the case with Vena and hearing his analysis, I concluded that Pray's claims would most likely be dismissed. Accordingly, I instructed Vena to broker a deal with the Town to mediate. A copy of an e-mail to Vena is attached as Exhibit B.

17.     Despite my express instructions, it appeared that Vena had failed to take any action. A copy of subsequent e-mail, are attached as Exhibit C.

18.     Vena's continued failure to communicate with Pray forced Pray to retain successor counsel.

19.     Pray incurred an additional $150,000 in fees to complete the mediation and resolve its claims. None of the Defendants, other than the Town, participated in or contributed to the settlement.

20.     Vena performed almost no substantive analysis on Pray's contractual entitlement to its additional costs. Instead, almost all of VRD's time was devoted to procedural motions to maintain claims which had no ultimate bearing of Pray's settlement.

21.     Vena sold Pray a strategy which he virtually guaranteed to be successful. The strategy completely failed.

22.     While I recognize that Vena performed work on the Project, I believe the value to be less than the amount he claims. In good faith I have offered to settle the claim for $6,000 but Vena has refused.

4

Signed under the pains and penalties of perjury this 13th day of January 2006.

_____/s/ SCOTT PRAY_____
Scott Pray
President, D.F. Pray, Inc.

# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: A04-0458

D.F. PRAY, INC.,
               Plaintiff, )
                       )
                       )
vs.                    )
                       )
TOWN OF SUNDERLAND,      )
THE H.L. TURNER GROUP, INC. )
SARA COOPER, AND DANA    )
KENNAN,                   )
             Defendants. )

**COMPLAINT AND JURY DEMAND**



**COMMON ALLEGATIONS**

1.   The Plaintiff, D.F. Pray, Inc., ("Pray") is a Corporation duly conducting business in the Commonwealth of Massachusetts having a last and usual place of business at 25 Anthony Street, Seekonk, Bristol County, Massachusetts. Pray is a general contractor.

2.   The Defendant Town of Sunderland ("Sunderland") is a Massachusetts municipal corporation having a last and usual place of business at the Town Offices, 12 School Street, Sunderland, Massachusetts.

3.   The Defendant, The H.L. Turner Group, Inc. ("Turner") is a corporation having a last and usual place of business at 27 Locke Road, Concord, New Hampshire. Turner provides architectural services.

4.   The Defendant Sara Cooper ("Cooper") is an individual with a last and usual place of residence at 147 Christian Lane, Whately, Massachusetts. Cooper is the Town Accountant for Sunderland.

5. The Defendant Dana Kennan ("Kennan") is an individual with a last and usual place of residence at 404 North Main Street, Petersham, Massachusetts. Kennan is the Town Manager for Sunderland.

6. Pray as a general contractor entered into a contract ("Contract") with Sunderland for a project known as Sunderland Elementary School Emergency Work (the "Project").

7. Turner provided services to Sunderland, with respect to the design and contract administration of the Project.

## COUNT I
### (Breach of Contract vs. Sunderland)

8. Pray restates the allegations contained in paragraphs 1 through 7 as if each were set forth fully herein.

9. Pray completed all of its work on the Project.

10. Pray is owed $1,488,996.47 for work it performed for Sunderland on the Project.

11. Pray has made demand on Sunderland for payment of $1,488,996.47 for work performed on the Project.

12. Sunderland, in breach of the Contract, has failed to pay Pray.

## COUNT II
### (Quantum Meruit vs. Sunderland)

13. Pray restates the allegations contained in paragraphs 1 through 7 as if each were set forth fully herein.

14. The fair value of the labor, services, material and equipment furnished and installed on the Project by Pray is $1,488,996.47.

15. Pray has requested payment form Sunderland for said $1,488,996.47.

16. Sunderland has failed and refused to pay Pray.

2

## COUNT III
### (Misrepresentation vs. Cooper)

17. Pray restates the allegations in paragraphs 1 through 7 as if each were set forth fully herein.

18. Cooper, as the Town Accountant, on several occasions represented to Pray, through interstate commerce, including through the use of the U.S. mails, that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

19. Copies of such letters containing materially false representations are attached hereto and incorporated by reference herein as Exhibits A and B.

20. Cooper provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including additional work over and above the original Contract, that Pray was providing to the Project.

21. Cooper knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

22. At the time Cooper made said representations, she knew that they were false, and, that the funds, in fact, did not exist.

23. Cooper made said representations to induce Pray to continue to expend its own monies, to provide work on the Project.

24. In reasonable reliance on said misrepresentations by Cooper, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

25. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Cooper.

3

### COUNT IV
#### (Negligent Misrepresentation vs. Cooper)

26. Pray restates the allegations contained in paragraphs 1 through 7 and 17 through 25, as if each were set forth fully herein.

27. Cooper negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work over and above the original Contract, on the Project.

28. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Cooper.

### COUNT V
#### (Misrepresentation vs. Kennan)

29. Pray restates the allegations in paragraphs 1 through 7 as if each were set forth fully herein.

30. Kennan, as the Town Manager, on several occasions represented to Pray that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

31. Kennan provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including, additional work over and above the original Contract, that Pray was providing to the Project.

32. Kennan knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

33. At the time Kennan made said representations, he knew that they were false and that the funds, in fact, did not exist

34. Kennan made said representations to induce Pray to continue to expend its own monies, to provide work on the Project.

35. In reasonable reliance on said misrepresentations by Kennan, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

36. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Kennan.

## COUNT VI
### (Negligent Misrepresentation vs. Kennan)

37. Pray restates the allegations contained in paragraphs 1 through 7 and 29 through 36, as if each were set forth fully herein.

38. Kennan negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work, over and above the original Contract, on the Project.

39. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Kennan.

## COUNT VII
### (Misrepresentation vs. Turner)

40. Pray restates the allegations contained in paragraphs 1 through 7, as if each were set forth fully herein.

41. Turner, on several occasions represented to Pray, through interstate commerce, including through the use of the U.S. mails, that sufficient funds existed to cover the cost of the work being performed by Pray, including additional work, over and above the original Contract.

42. A copy of one such letter containing materially false representations is attached hereto and incorporated by reference herein as Exhibit C.

5

43. Turner provided said representations at the request of Pray pursuant to M.G.L. c. 44 § 31(c) to verify that funds were available to cover the cost of the work, including, additional work over and above the original Contract, that Pray was providing to the Project.

44. Turner knew that Pray would rely on said representations before it would undertake and continue performance of work on the Project.

45. At the time Turner made said representations, it knew that they were false and that the funds, in fact, did not exist.

46. Turner made said representations to induce Pray to continue to expend its own monies, to provide work on the Project.

47. In reasonable reliance on said misrepresentations by Turner, Pray expended $1,488,996.47 of its own monies to complete work on the Project.

48. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Turner.

## COUNT VIII
(Negligent Misrepresentation vs. Turner)

49. Pray restates the allegations contained in paragraphs 1 through 7 and 40 through 48, as if each were set forth fully herein.

50. Turner negligently misrepresented to Pray that funds existed to cover the cost of the work, including additional work over and above the original Contract, on the Project.

51. Pray has been damaged in the amount of $1,488,996.47 as a direct and proximate result of misrepresentations by Turner.

6

## COUNT IX
### (Conspiracy vs. Cooper, Kennan and Turner)

52. Pray restates the allegations contained in paragraphs 1 through 51 as if each were set forth fully herein.

53. Cooper, Kennan and Turner, conspired to defraud Pray of its monies for the work it performed on the Project.

54. The numerous misrepresentations made by Cooper, Kennan and Turner to Pray were done in a concerted and calculated effort to defraud Pray.

55. As a result of said conspiracy, Pray has been damaged in the amount of $1,488,996.47.

## COUNT X
### (Chapter 93A v. Turner)

56. Pray restates the allegations contained in paragraph 1 through 7 and 40 through 48, as if each were set forth fully herein.

57. The acts of Turner constituted unfair and deceptive trade practices in violation of c. 93A.

58. Said acts took place in trade or commerce primarily and substantially in the Commonwealth of Massachusetts.

59. Turner's acts were willful and knowing.

60. As a result of Turner's act, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XI
### (R.I.C.O. vs. Sunderland, Cooper, Kennan and Turner)

61. Pray restates the allegations contained in paragraphs 1 through 7, and 52 through 55, as if each were set forth fully herein.

7

62. Sunderland, Cooper, Kennan and Turner conducted an ongoing enterprise to defraud Pray, including through interstate commerce and the use of the U.S. mails, and such acts constitute a pattern and practice of racketeering activity.

63. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XII
(Violation of 42 USC 1983 against Sunderland, Cooper, Kennan
and Turner for violation of due process)

64. Pray restates the allegations contained in paragraphs 1 through 7 and 52 though 55 and 61 through 63, as if each were set forth fully herein.

65. Sunderland, Cooper, Kennan and Turner, acting under color of state law, have deprived Pray of monies and the benefit of its Contract.

66. The acts of Sunderland, Cooper, Kennan and Turner were egregious, outrageous, conscience shocking, and, coercive, and intended to deprive Pray of its property without due process.

67. The aforementioned acts interfere with Pray's substantive right of due process, including the right not to be deprived of its property and liberty without due process, and therefore, have violated Pray's right to due process of law.

68. As a result of such acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XIII
(Violation of Equal Protection v. Sunderland, Cooper, Kennan and Turner)

69. Pray restates the allegations contained in paragraphs 1 through 7 and 52 through 55 and 61 through 68, as if each were set forth fully herein.

70. The acts of Sunderland, Cooper, Kennan and Turner, were done in bad faith and with a malicious intent to injury Pray and deprive Pray of its property and liberty

8

interests, and constitute a gross abuse of government power directed to Pray in contrast to others similarly situated.

71. Said acts deprived Pray of its right to equal protection of the law.

72. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XIV
(Breach of Covenant of Good Faith and Fair Dealing with Sunderland)

73. Pray restates the allegations contained in paragraph 1 through 7 and 8 through 16 as if each were set forth fully herein.

74. By its wrongful acts, Sunderland acting by and through its employees, Cooper and Kennan, and its agent Turner, violated the covenant of good faith and fair dealing.

75. As a result of said acts, Pray has been damaged in the amount of $1,488,996.47.

## COUNT XV
(Violation of M.G.L. c. 12 § 11(i) vs. Cooper, Kennan, and Turner)

76. Pray restates the allegations contained in paragraph 1 through 7 and 17 through 39 and 52 through 55 and 61 through 63 as if each were set forth fully herein.

77. Cooper and Kennan, through acts of coercion, interfered with Pray's right secured to it by constitution or laws of the United States and the Commonwealth of Massachusetts.

78. Cooper and Kennan used coercion to deprive Pray of its property and liberty interests.

79. As a result of said coercion, Pray has been damaged in the amount of $1,488,996.47.

9

WHEREFORE, Pray demands that the Court enter judgment in its favor as follows:

    a)     On Count I, against defendant, the Town of Sunderland, in the amount of $1,488,996.47 together with interest thereon, costs, expenses and reasonable attorney's fees.

    b)     On Count II, against defendant, the Town of Sunderland, in the amount of $1,488,996.47 together with interest thereon, costs, expenses and reasonable attorney's fees.

    c)     On Count III, against defendant, Sara Cooper, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    d)     On Count IV, against defendant, Sara Cooper, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    e)     On Count V, against defendant, Dana Kennan, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    f)     On Count VI, against defendant, Dana Kennan, in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    g)     On Count VII, against defendant, The H.L. Turner Group, Inc., in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    h)     On Count VIII, against defendant, The H.L. Turner Group, Inc., in an amount of $1,488,996.47, together with punitive damages, interest thereon, costs, expenses, and reasonable attorney's fees.

    i)     On Count IX, against defendants, Cooper, Kennan and Turner, individually, and, jointly and severally, in the amount of $1,488,996.47, together with interest thereon, costs, expenses and reasonable attorney's fees.

    j)     On Count X, against defendant Turner:

        a)     In an amount of $1,488,996.47;

b)    In an amount up to treble damages, $4,466,989.20; and

c)    Costs, expenses, and reasonable attorney's fees as set forth in M.G.L. c. 93A.

k)    On Count XI, against defendants, Sunderland, Cooper, Kennan and Turner, individually, and jointly and severally:

a.)    In an amount of $1,488,996.47;

b)    In an amount of up to treble damages, $4,466,989.20; and

c)    Interests, costs, expenses and attorney's fees as provided in 18 U.S.C. §1964(c).

l)    On Count XII, against defendants Sunderland, Cooper and Kennan, individually, and, jointly and severally.

a)    For compensatory damages in the amount of $1,488,996.47 with interest thereon;

b)    For punitive damages in the amount of $4,466,989.20 with interest thereon;

c)    For costs, expenses and attorney's fees in accordance with 42 USC 1988; and

d)    For such other relief as the Court deems appropriate and just.

m)    On Count XIII, against defendants Sunderland, Cooper and Kennan, individually, and, jointly and severally.

a)    For compensatory damages in the amount of $1,488,996.47 with interest thereon;

b)    For punitive damages in the amount of $4,466,989.20 with interest thereon;

c)    For costs, expenses and attorney's fees in accordance with 42 USC 1988; and

d)    For such other relief as the Court deems appropriate and just.

n)    On Count XIV, against defendant Sunderland.

a)    For compensatory damages in the amount of $1,488,996.47 with interest thereon;

11

b)     For punitive damages in the amount of $4,466,989.20 with interest thereon;

c)     For costs, expenses and attorney's fees; and

d)     For such other relief as the Court deems appropriate and just.

o)     On Count XV, against Cooper, Kennan, and Turner in the amount of $1,488,996.47, together with interest thereon, costs, expenses and attorney's fees.

p)     That the Court grant such other relief as it deems appropriate and just.

## JURY DEMAND

D.F. Pray demands trial by jury on all counts and issues so triable.

D.F. Pray, Inc.,
By its attorneys,

*Edward F. Vena*

Edward F. Vena, BBO #508660
Charles A. Plunkett, BBO #547714
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA 02210
Tel: (617) 951-2400

Dated: May 3, 2004

**EXHIBIT B**

**Ron Laprise**

| | |
|---|---|
| **From:** | Scott Pray |
| **Sent:** | Thursday, January 06, 2005 6:14 PM |
| **To:** | jl@haslaw.com; pr@rosenyc.com |
| **Cc:** | Ron Laprise |

**Subject:** FW: Sunderland

Joel & Phil;
I don't know what to say?
I've never been treated this way.
I'd like to cut my losses and fire Vena, but I agree that it's not the right time.
If I don't hear from him by tomorrow, I have his home number and I'll use it the evening.

This guy is a maniac!
Please advise.



Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Thursday, January 06, 2005 6:10 PM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Subject:** FW: Sunderland

Ed
I've called, Ron's called and this is my 3rd email.
I want to know where we stand?????
If I don't hear back from you I'll make other arrangements.
Call me 508.336.3366 or cell 508.989.1161

Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Wednesday, December 29, 2004 11:36 AM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Cc:** Ron Laprise

1/5/2006

**Subject:** FW: Sunderland

Ed
Please call me or email. I'd like to speak w/ you about this!



Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Thursday, December 23, 2004 6:42 AM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Cc:** Ron Laprise; Louis Santilli
**Subject:** Sunderland

Ed;
After thinking about your comments about our likelihood for success and imminent failure.
I am directing you to Broker the following deal;

1.   We will withdraw our suites in court against the town only.
2.   They agree to Mediation in January 05.
3    Suites against the individuals stay in place.

Please review and advise.



Scott W. Pray
508-336-3366
swpray@dfpray.com

1/5/2006

**<u>EXHIBIT C</u>**

## Ron Laprise

| | |
|---|---|
| **From:** | Scott Pray |
| **Sent:** | Thursday, January 06, 2005 6:14 PM |
| **To:** | jl@haslaw.com; pr@rosenyc.com |
| **Cc:** | Ron Laprise |
| **Subject:** | FW: Sunderland |

Joel & Phil;
I don't know what to say?
I've never been treated this way.
I'd like to *cut my losses and fire Vena*, but I agree that it's not the right time
If I don't hear from him by tomorrow, I have his home number and I'll use it the evening.

This guy is a maniac!
Please advise.



Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Thursday, January 06, 2005 6:10 PM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Subject:** FW: Sunderland

Ed
I've called, Ron's called and this is my 3rd email.
I want to know where we stand?????
If I don't hear back from you I'll make other arrangements.
Call me 508.336.3366 or cell 508.989.1161



Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Wednesday, December 29, 2004 11:36 AM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Cc:** Ron Laprise

1/5/2006

**Subject:** FW: Sunderland

Ed
Please call me or email. I'd like to speak w/ you about this!



Scott W. Pray
508-336-3366
swpray@dfpray.com
-----Original Message-----
**From:** Scott Pray
**Sent:** Thursday, December 23, 2004 6:42 AM
**To:** Ed Vena (gdeptula@vrdllp.com)
**Cc:** Ron Laprise; Louis Santilli
**Subject:** Sunderland

Ed;
After thinking about your comments about our likelihood for success and imminent failure
I am directing you to Broker the following deal;

1.  We will withdraw our suites in court against the town only.
2.  They agree to Mediation in January 05.
3.  Suites against the individuals stay in place.

Please review and advise.



Scott W. Pray
508-336-3366
swpray@dfpray.com