UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.F. PRAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF SUNDERLAND, THE H.L. TURNER GROUP, INC., SARA COOPER, and DANA KENNAN, <br><br> Defendants. | C.A. No. 04-CV-11073-MLW |

**MOTION OF THE LAW FIRM OF VENA RILEY DEPTULA LLP TO STRIKE PORTIONS OF THE AFFIDAVIT OF SCOTT PRAY**

Now Comes the law firm of Vena Riley Deptula LLP (hereinafter "VRD LLP"), and hereby moves to strike portions of the Affidavit of Scott Pray ("Pray Affidavit") submitted by D.F. Pray, Inc. (hereinafter "Pray") in opposition to VRD LLP's Motion to Enforce Attorney's Lien.  As grounds for this motion, VRD LLP states that portions of the Pray Affidavit contain statements <u>not</u> made on personal knowledge and portions of the Pray Affidavit contain inadmissible testimony and therefore the evidence cannot be considered.  As a result, portions of the Pray Affidavit judgment must be stricken and disregarded by this Honorable Court.

**Scott Pray's Reference to the $6,000 Settlement Offer Should be Stricken**

In his affidavit, Scott Pray states that in good faith he "offered to settle this claim for $6,000 but Vena has refused." Affidavit of Scott Pray at ¶22.  Pray's assertions that he has offered $6,000 to settle this claim must be stricken as it is an offer of settlement

and inadmissible pursuant to Federal Rule of Evidence 408. In fact, Federal Rule of Evidence 408 specifically states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements in compromise negotiations is likewise not admissible.

Fed. R. Evid. 408

Here, the $6,000 offer as stated by Scott Pray was an inadmissible offer of settlement and therefore should be stricken. See Morea v. Cosco, Inc., 422 Mass. 601, 603—604 (1996).

**<u>Scott Pray's Reference to the Value of Legal Services Should be Stricken</u>**

In his affidavit, Pray asserts as to what he "believe[s]" to be the value of the legal services provided by VRD LPP. This statement must be stricken because the Pray Affidavit does not establish that Mr. Pray has personal knowledge concerning his knowledge of the faIR and reasonable value of legal services. Further, the Pray Affidavit does not state upon what propositions Mr. Pray is relying upon to make such an assessment as to the fair value of legal services. Additionally, Mr. Pray is attempting to proffer expert opinion as to what is a fair and reasonable price with regard to the work performed by VRD LLP when he is not qualified to give that opinion and such an opinion is outside his area of expertise. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 n.10, citing Bourjaily v. United States, 483 U.S. 171, 175-176. Courts routinely disregard testimony if the record establishes that evidence from a proffered expert is outside the area of his or her expertise. Prellwitz v. Cromwell, Truemper, Levy, Parker & Woodsmale, Inc., 802 S.W. 2d 316, 319 (Texas 1990). Nor can expert testimony be

2

given where it has the air of being "made up" and cannot be verified by industry standards or publications.

  WHEREFORE, VRD LLP respectfully requests that this Honorable Court GRANT this Motion to Strike Portions of the Affidavit of Scott Pray.

.

              Respectfully submitted,

              //s// Sabatino F. Leo
              Edward F. Vena, BBO No. 508660
              Sabatino F. Leo, BBO No. 642302
              VENA, RILEY, DEPTULA, LLP
              250 Summer Street
              Boston, MA  02210
              (617) 951-2400

Date:  February 7, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

  Counsel hereby certifies that they have attempted to confer with counsel for Defendants in good faith to resolve or narrow the issues.

              Respectfully submitted,

              //s// Sabatino F. Leo
              Edward F. Vena (BBO# 508660)
              Sabatino F. Leo (BBO# 642302)
              Vena Riley Deptula LLP
              250 Summer Street, 2nd Floor
              Boston, MA 02210
Dated: February 7, 2006       (617) 951-2400