UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.F. PRAY, INC. <br>           Plaintiff, <br> v. <br><br> TOWN OF SUNDERLAND, <br> THE H.L. TURNER GROUP, INC. <br> SARA COOPER and DANA KENNAN, <br><br>           Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 04-11073-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## D.F. PRAY INC.'S OPPOSITION TO MOTION OF THE LAW FIRM OF VENA RILEY DEPTULA LLP TO STRIKE PORTIONS OF THE AFFIDAVIT OF SCOTT PRAY
### (Memorandum of Law Incorporated)

D.F. Pray, Inc. ("Pray") opposes Vena, Riley Deptula LLP's ("VRD") Motion To Strike Portions Of The Affidavit Of Scott Pray (the "Motion"). By its Motion, VRD seeks to preclude Pray from introducing evidence directly relevant to the value of the legal services provided by VRD to Pray. Specifically, VRD claims that Pray's perceived statement of the value of VRD's services is precluded as it either involves expert testimony or is an "offer to compromise." Contrary to VRD's contention, the submission of Pray's opinion regarding the value of services it received neither requires expert testimony nor is barred as an offer to compromise. Rather, Pray's opinion of the value of services it received is relevant, material and admissible evidence which the Court should weigh in determining the value of VRD's attorney's lien. *See D. Salvani v. Flushing Supplies Corp.*, 137 F.R.D. 190 (D. Mass. 1991) (Court considered client's opinion regarding performance of attorney in determining fair and reasonable value of services). Accordingly, the Court should deny the Motion. As additional reasons therefor, Pray asserts and avers as follows.

## BACKGROUND

### VRD Seeks Fees Which Far Exceed The Value Of Its Work

By this action, VRD seeks to recover what it believes to be the fair and reasonable value of its services for allegedly prosecuting Pray's claims for additional money related to emergency work performed for the Town of Sunderland (the "Project"). As a result of its lack of skill, diligence and utter inability to prosecute the claim, Pray was forced to terminate VRD, retain new counsel and incur an additional $150,000 in fees to resolve its claim. Nevertheless, VRD asserted an attorney's lien against the proceeds from the ultimate settlement and filed a motion to enforce that lien.

Pray opposed VRD's enforcement of its lien, claiming that the actual value of VRD's services was significantly less than what it had claimed. To support its opposition, Pray submitted the Affidavit of Scott Pray (the "Affidavit") which provided, among other things, that:

- Pray "offered to settle the claim for $6,000 but [Edward] Vena refused;" and

- Pray believed that the value of Edward Vena's services "to be less than he claims."

## ARGUMENT

### Pray's Opinion Of The Fair And Reasonable Value Of VRD's Services Is Relevant, Admissible And Should Be Considered By The Court

Pray's introduction of its own offer to settle VRD's lien is admissible, relevant and material. Federal Rule of Evidence 408 states, in relevant part, that

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as either to validity or amount, is not admissible to prove liability for or invalidity of the claim or the amount.

The Rule was designed to protect the offerer – in this case Pray --- from any prejudice in making an offer of settlement by precluding the opponent – in this case VRD – from introducing the offer as proof of liability. *See McInnis v. A.M.F., Inc.,* 765 F.2d 240,247 (1st Cir. 1985). The Rule is inapplicable where, as here, the offerer seeks to take advantage of the offer by introducing into evidence. As Wright & Graham noted in their treatise on Federal Practice and Procedure:

> [W]here the person who made the offer wants to introduce evidence of his own offer, there is no policy reasons to exclude the evidence under Rule 408 because a person will not be deterred from making offers of compromise by a rule permitting him to use the offer to his own advantage.

*See* Wright & Graham, Federal Practice and Procedure: Evidence § 5303.

In this case, it is Pray which seeks to submit evidence of its offer. Accordingly, the policy justification of excluding the settlement offer to protect Pray from potential prejudice is simply inapplicable. Consequently, there is no justification for extending Rule 408 to Scott Pray's statement. More importantly, even assuming, *arguendo*, that Rule 408 applied, the evidence itself is not being offer to prove liability of Pray to VRD. Rather, the evidence is used to show Pray's valuation of VRD's services. This type of evidence can and should be considered and weighed by the trier of fact to determine the fair and reasonable value of services VRD provided. *See Mulhern v. Roach*, 398 Mass. 18, 24 (1986).

Nor should Pray's opinion that VRD's services were significantly less than it claims be excluded. Scott Pray's opinion is rationally based upon his own observations and interactions with VRD. *See* F.R.E. 701[1]. Specifically, Scott Pray was intimately

---

[1] F.R.E. 701 states in relevant part that "if a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

involved in the strategic planning and coordination of the litigation, regularly would interact with VRD, and reviewed the pleadings and other correspondence prepared by VRD. Moreover, Scott Pray was in the unique position to compare the dramatic differences in skill between VRD and its new counsel, which in a few short months was able to resolve the entire claim. Scott Pray does not opine as to the exact value of VRD's service. Instead, his opinion is limited to only his belief that he was overcharged for VRD's services.

## CONCLUSION

Wherefore, for the above reasons the Court should deny the Motion.

D.F. PRAY, INC.
By its attorneys,


_____/s/ RICHARD E. BRIANSKY_____
Christopher Weld, Jr. (BBO #522230)
Richard E. Briansky, Esq. (BBO# 632709)
Todd & Weld LLP
28 State Street, 31st floor
Boston, Massachusetts 02109
Phone: (617) 720-2626
Dated:  February 28, 2006            Fax:   (617) 227-5777


## CERTIFICATE OF SERVICE

I, Richard E. Briansky, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

| Date:  February 28, 2006 | |
| --- | --- |
| | _/s/  Richard E. Briansky_____ |
| | Richard E. Briansky |